David **CLEARY**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant (Seven Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 21, 2006.
Decided May 23, 2006.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

David Cleary, appellee, pro se.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDot) appeals from an order of the Court of Common Pleas of Philadelphia County, First Judicial District, Civil Trial Division (trial court) finding it in contempt and directing it to correct the driving record of David Cleary (Licensee).

The facts of this case are not clear and can only somewhat be gleaned from the record. According to Licensee, on August 29, 2001, April 19, 2002, and August 12, 2004, he was issued traffic citations to which he responded by notifying Philadelphia Traffic Court of his not guilty pleas. He attended hearings, which he alleges PennDot was not notified of, where there was only one guilty verdict. He timely appealed that verdict to the trial court which reversed that verdict. Because Philadelphia Traffic Court did not make PennDot aware of his not guilty pleas and PennDot was unaware of his reversed guilty verdict, PennDot, of course, sent Licensee notices of suspension on January 17, 2002 (related to a different citation); May 17, 2002 (based on his failure to respond to the citations and guilty verdict);

and August 24, 2004, as a result of a conviction for violation of Section 1543A of the Vehicle Code, 75 Pa.C.S. § 1543A (driving while license suspended).[1] Licensee provided PennDot with information that he responded to the citations and was found not guilty, but PennDot did not rescind the suspensions. Licensee, however, did not appeal the suspensions within 30 days.

Licensee, acting *pro se*, then filed with the trial court *nunc pro tunc* appeals on April 4, 2002, from the suspension notices because he alleged that in attempting to deal with PennDot about the incorrect records, timely appeals on the suspensions could no longer be filed.[2] In his application to the trial court, he stated that he had responded prior to the suspension dates and was found not guilty in the Philadelphia Traffic Court. The trial court allowed the *nunc pro tunc* appeals, and *de novo* hearings were held before the trial court on October 4, 2002, April 4, 2003, and January 21, 2005, at which both Licensee and counsel for PennDot were present. At the hearings, PennDot reserved its right to quash the appeals, but never asserted that right. After each hearing, the trial court issued an order vacating PennDot's suspension of Licensee's driving privilege and remanding the matter to PennDot to correct and update Licensee's driving record. PennDot never filed appeals from any of the trial court's orders.

1. The notice of suspension on January 17, 2002, was for failing to pay fines and costs associated with citation # 367714 for violating Section 3361 of the Vehicle Code, 75 Pa.C.S. § 3361, driving too fast for conditions (related to No. 1397 C.D. 2005). On May 17, 2002, PennDot sent Licensee four notices of suspension for failing to respond to citation numbers F007768471; F00768504; F00768493; and F00768482 (related to Nos. 1398, 1988, 1400 and 1403 C.D. 2005). The notice of suspension on August 24, 2004, was for driving while operating privilege was sus-

pended in violation of 75 Pa.C.S. § 1543(a) (related to No. 1401 C.D. 2005); a notice of suspension dated December 25, 2003, pertains to Licensee's failure to respond to citation # 7277941 on August 14, 2003, for failure to pay fines (No. 1402 C.D. 2005).

2. Licensee should have filed an appeal with the trial court within 30 days of receiving the suspension notices pursuant to Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550.

Because PennDot never followed the directives of the trial court to correct his driving record, on April 5, 2003, Licensee filed a motion for civil contempt of court alleging that PennDot was in violation of the trial court's orders.[3] A rule to show cause was issued on May 6, 2005, and a hearing was held on June 3, 2005. That same date, the trial court issued an order granting Licensee's motion and directing PennDot to correct Licensee's driving record to indicate that all violations had been rescinded. PennDot filed a motion for reconsideration which the trial court denied and this appeal followed.

Licensee then filed a "Motion to Quash Appeal of Civil Contempt of Court in Commonwealth Court of Philadelphia Dated June 3, 2005," arguing that because sanctions were never imposed on PennDot, the trial court's order of contempt was not a final appealable order. We agree.

 The law is well settled that when a party is found in contempt of court, sanctions must be imposed for the trial court's order to be considered final and appealable. *Borough of Slatington v. Ziegler,* 890 A.2d 8 (Pa.Cmwlth.2005); *Foulk v. Foulk,* 789 A.2d 254 (Pa.Super.2001). In this case, the trial court found PennDot in contempt of court for failing to follow its order to correct Licensee's driving record, but it never imposed any sanctions, leaving that option up to Licensee if he chose to file such a request with the trial court. (*See* Hearing Transcript of June 3, 2005 hearing at 7.)

Consequently, because the trial court did not impose sanctions on PennDot when it held it in contempt, its June 3, 2005 order was not a final order from which PennDot could appeal to this Court. Ac-

cordingly, Licensee's motion to quash is granted and PennDot's appeal is dismissed.

### *ORDER*

AND NOW, this 23rd day of May, 2006, the Motion to Quash Appeal of Civil Contempt of Court in Commonwealth Court of Philadelphia Dated June 3, 2005, filed by David Cleary is granted, and the appeals filed by the Commonwealth of Pennsylvania, Department of Transportation, from the orders of the Court of Common Pleas of Philadelphia County dated June 3, 2005, are dismissed.

---

**3.** Licensee explained that it was important to him to have his driving record show that he never had any suspensions rather than having it show that his suspensions were no longer

effective because he was a truck driver by profession and it could affect his ability to obtain work.