COMMONWEALTH of PA, OFFICE OF ATTORNEY GENERAL, BUREAU OF CONSUMER PROTECTION

v.

Frank LUBISKY, individually and d/b/a Union Roofing, d/b/a Union Roofing and Sheet Metal Contractor, d/b/a Philly Roofing and d/b/a C.R. Thompson Roofing, and as president of Union Roofing Contractors, Inc. and Union Roofing Contractors, Inc., d/b/a Union Roofing, d/b/a Union Roofing and Sheet Metal Contractor, d/b/a Philly Roofing and d/b/a C.R. Thompson Roofing.

Appeal of: Frank Lubisky, individually and d/b/a Union Roofing, d/b/a Union Roofing and Sheet Metal Contractor, d/b/a Philly Roofing and d/b/a C.R. Thompson Roofing, and as president of Union Roofing Contractors, Inc. and Union Roofing Contractors, Inc., d/b/a Union Roofing, d/b/a Union Roofing and Sheet Metal Contractor, d/b/a Philly Roofing and d/b/a C.R. Thompson Roofing.

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2014.
Decided March 28, 2014.

Raymond T. Dorizio, Philadelphia, for appellants.

Howard Hopkirk, Harrisburg, for appellee.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Frank Lubisky, individually and d/b/a Union Roofing, d/b/a Union Roofing and Sheet Metal Contractor, d/b/a Philly Roofing and d/b/a C.R. Thompson Roofing, and as president of Union Roofing Contractors, Inc. and Union Roofing Contractors, Inc., d/b/a Union Roofing, d/b/a Union Roofing and Sheet Metal Contractor, d/b/a Philly Roofing and d/b/a C.R. Thompson Roofing (Contractor), appeal from the March 15, 2013 Order (March 2013 Order) of the Court of Common Pleas of Philadelphia County (trial court) that denied Contractor's Petition to Open Default Judgment (Petition to Open). On appeal, Contractor argues that the trial court erred in denying the Petition to Open because the Commonwealth of Pennsylvania, Office of Attorney General, Bureau of Consumer Protection (Bureau) did not properly serve Contractor with its Petition for Contempt (Contempt Petition). The Bureau asserts that Contractor's appeal should be quashed as an untimely appeal of the trial court's Order docketed on November 17, 2011 that granted the Bureau's Contempt Petition (Contempt Order) and imposed fines against Contractor. Because we conclude that the trial court did not err or abuse its discretion in denying Contractor's Petition to Open as being procedurally improper and an attempt to untimely appeal the trial court's Contempt Order or in concluding that Contractor did not meet the requirements of opening a judgment, we affirm.

Contractor, through his businesses, provides roof replacements and repairs. (Trial Ct. Op. at 2.) The Bureau investigated Contractor pursuant to the Unfair Trade Practices and Consumer Protection Law (Law).[1] (Trial Ct. Op. at 2.) The investigation revealed a number of alleged violations of the Law, including failure to register fictitious names, failure to clearly and conspicuously disclose warranty terms and conditions, and causing a likelihood of confusion or misunderstanding regarding the source, approval, sponsorship or certification of goods or services. (Trial Ct. Op. at 2.) The Bureau also discovered alleged violations of the Home Improvement Consumer Protection Act (HICPA).[2] (Trial Ct. Op. at 2.) On October 15, 2010, Contractor and the Bureau entered into an Assurance of Voluntary Compliance (AVC), pursuant to which Contractor was to pay $10,000 to settle certain outstanding claims. (AVC at 9, R.R. at 92.) Contractor also agreed to "cease and desist from violating the [Law] and HICPA" and "comply with [the] civil laws of the Commonwealth."[3] (AVC at 6, R.R. at 89.) The AVC indicated that "[t]ime shall be of the essence with regard to [Contractor's] obligations hereunder." (AVC at 13, R.R. at 96.) The trial court retained jurisdiction to enforce the AVC, if necessary. (Trial Ct. Op. at 2–3; AVC at 12, R.R. at 95.) On June 15, 2011, an Order to Satisfy Judgment was filed with the trial court because Contractor had satisfied the monetary portion of the AVC,[4] and the trial

---

1. Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201–1–201–9.3.

2. Act of October 17, 2008, P.L. 1645, *as amended*, 73 P.S. §§ 517.1 517.18.

3. The AVC required, *inter alia*, Contractor not to trade or do business under his various businesses' names until those names were properly registered with the Pennsylvania Department of State. (AVC at 9, R.R. at 92.) Additionally, Contractor was required to pay restitution for valid consumer claims presented to the Bureau within sixty days of the filing of the AVC. (AVC at 10, R.R. at 93.)

4. The trial court indicates in its opinion that this was filed by the Bureau, but the docket reflects that Contractor's counsel filed the

court marked the judgment as satisfied. (Trial Ct. Op. at 3.)

On October 14, 2011, the Bureau electronically filed the Contempt Petition with the trial court asserting that, other than paying the $10,000, Contractor had not complied with any of the terms of the AVC. The Contempt Petition was electronically served on Contractor's counsel pursuant to Philadelphia Rule of Civil Procedure *205.4, Phila. R.C.P. No. *205.4. In addition, the certificate of service indicated that the Contempt Petition was also served on Contractor's counsel at 1518 Walnut Street, Suite 1600, Philadelphia PA, 19102, the address listed for Contractor's counsel on the AVC. Contractor's counsel, however, had moved to a different suite in the same building between the time Contractor signed the AVC and the filing of the Contempt Petition. No answer was received and, pursuant to the Contempt Order docketed on November 17, 2011, the trial court granted the uncontested Contempt Petition. The Bureau obtained a judgment against Contractor in the amount of $51,000. Contractor and his counsel received the Contempt Order, but filed no appeal. (Trial Ct. Op. at 2, 6.) On December 17, 2012, Contractor received a letter from the Collections Unit of the Office of Attorney General regarding the $51,000 judgment (Collections Notice). On January 30, 2013, Contractor filed the Petition to Open contending that the Bureau did not properly serve the Contempt Petition. The Bureau filed an answer in opposition on February 21, 2013.

 In the March 2013 Order, the trial court denied the Petition to Open and Contractor appealed. The trial court directed Contractor to file a Concise Statement of Errors Complained of on Appeal, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b). Contractor complied and asserted that the Contempt Petition was not properly served because it was sent to the old address of Contractor's counsel. In its opinion filed pursuant to Pa. R.A.P. 1925(a), the trial court explained that it denied the Petition to Open because "a judgment entered as a result of a finding of contempt is not considered a default judgment," but is a final appealable order that must be appealed within thirty days, citing *College Watercolor Group, Inc. v. William H. Newbauer, Inc.*, 468 Pa. 103, 119, 360 A.2d 200, 208 (1976). The trial court held that, under Rule 903 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 903, Contractor had until December 17, 2011 to file his appeal and he did not; thus, any issues related to the Contempt Petition were waived for failing to file a timely appeal. The trial court held that Contractor waited more than 400 days to file and seek relief through the Petition to Open, which the trial court concluded was procedurally improper. Nevertheless, the trial court addressed the issue of whether the Contempt Petition was properly served. Citing Pennsylvania Rule of Civil Procedure 440, Pa. R.C.P. No. 440, which governs service of legal papers other than original process, the trial court held that the Bureau sent the Contempt Petition to the address provided for Contractor's counsel on the AVC, which is all that is required by Pa. R.C.P. No. 440. (Trial Ct. Op. at 5.) The trial court stated that it is incumbent on attorneys to inform clients, opposing counsel, and the court of address changes and that Contractor's counsel's not doing so in this matter did not render the Bureau's service non-conforming. This matter is now ready

document. (Trial Court Civil Docket Report at 4.)

for this Court's review.[5]

On appeal, Contractor argues that he has met all three requirements for opening the Contempt Order; therefore, the trial court erred in denying the Petition to Open. Specifically, Contractor asserts that the Petition to Open was timely because Contractor did not learn of the attempt to collect on the "default judgment," i.e., the Contempt Order, until he received the Collections Notice on December 17, 2012 and the Petition to Open was filed forty-four days later. Further, Contractor contends that he has a meritorious defense to the Contempt Petition because he has made substantial and significant efforts to comply with the AVC beginning in November 2011 by, *inter alia*, registering and publishing the fictitious names of Contractor's companies and altering the text of the companies' advertisements. Finally, Contractor maintains that his inactivity or delay in responding to the Contempt Petition was legitimate and reasonable because neither Contractor nor his counsel were properly served with the Contempt Petition pursuant to Pa. R.C.P. Nos. 440 (service by mail) or 205.4 (electronic service), the latter of which has been strictly construed. *Sigall v. Serrano*, 17 A.3d 946, 950 (Pa.Super.2011).

The Bureau responds that Contractor's appeal should be quashed for lack of jurisdiction because it is an untimely appeal of the Contempt Order, which Contractor acknowledges he and his counsel received, and that the Contempt Order was not a default judgment subject to a Petition to Open. The Bureau asserts that, although Contractor attempts to force this matter into a petition to open default judgment

framework, his ultimate goal is for this Court to reverse the Contempt Order as evidenced in Contractor's statement that "[t]his is an appeal from the Order of November 15, 2011, and [sic] docketed November 17, 2011." (Contractor's Br. at 5.) The Bureau argues that Contractor has forfeited the right to appellate review because Contractor and his counsel received the Contempt Order, which was a final appealable order, and Contractor did not appeal or seek reconsideration.

Nevertheless, the Bureau addresses Contractor's arguments and asserts that the trial court properly denied the Petition to Open because Contractor did not satisfy any of the criteria for opening a judgment. Specifically, the Bureau posits that the Petition to Open was not timely filed because it was filed more than 400 days after the date Contractor received the Contempt Order; Contractor cannot present a meritorious defense to the Contempt Petition because all of the remedial actions occurred *after* he received the Contempt Order; and Contractor's excuse for not responding to the Contempt Petition is not reasonable because the Contempt Petition was properly served under Pa. R.C.P. No. 440(a)(1) and Philadelphia Rule of Civil Procedure *205.4.

### A. Was the Contempt Order a default judgment or a final order immediately appealable?

Here, the trial court denied the Petition to Open as being procedurally improper because the Contempt Order was not a default judgment, but a final order subject to immediate appeal and Contractor did

---

5. "This Court's scope of review of the trial court's contempt order is limited to determining whether the trial court abused its discretion or committed an error of law." *Township of Lycoming v. Shannon*, 780 A.2d 835, 838 n. 1 (Pa.Cmwlth.2001). The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court and will not be reversed absent a "manifest abuse of discretion." *Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 94, 477 A.2d 471, 472 (1984).

not file an appeal from the Contempt Order. The trial court essentially held that the Petition to Open was an untimely attempt to appeal the Contempt Order and denied it as such. The Bureau asserts that Contractor's appeal *to this Court* must be quashed as an untimely appeal of the Contempt Order. However, Contractor's appeal is from the March 2013 Order, which denied the Petition to Open, and was timely filed on April 11, 2013.[6] Accordingly, this Court has jurisdiction to consider Contractor's appeal. However, we will consider whether the trial court erred or abused its discretion in concluding that the Contempt Order was not a default judgment subject to Contractor's Petition to Open, but a final order that Contractor did not timely appeal.

■ Default judgments generally are governed by Pennsylvania Rules of Civil Procedure 237.1–237.6, 1037, Pa. R.C.P. Nos. 237.1–237.6, 1037, and are granted ministerially by prothonotaries and without judicial involvement. *Gotwalt v. Dellinger*, 395 Pa.Super. 439, 577 A.2d 623, 625 (1990). Such judgments are not judicial orders and are not subject to an immediate appeal after their entry; rather, to obtain relief, the party against whom the judgment was entered may either file a petition to strike the default judgment or file a petition to open the default judgment. *Mother's Restaurant, Inc. v. Krystkiewicz*, 861 A.2d 327, 336 (Pa.Super.2004). Once a court of common pleas rules on one of these petitions, *then* the aggrieved party has a right to an appeal to higher court pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(1), Pa. R.A.P. 311(a)(1) (granting an appeal as of right from any "order refusing to open, vacate or strike off a judgment").

■ In contrast, a contempt order that actually imposes sanctions is final and appealable when it is entered. *College Watercolor Group, Inc.*, 468 Pa. at 119, 360 A.2d at 208; *Cleary v. Department of Transportation*, 899 A.2d 412, 414 (Pa. Cmwlth.2006). If no appeal is filed within thirty days of the entry of a final order, the aggrieved party waives the right to appeal. *See* Pa. R.A.P. 903(a) (requiring that notices of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); *Koken v. Colonial Assurance Company*, 885 A.2d 1078, 1101 (Pa.Cmwlth.2005) (stating "a party waives the right to appeal an order if notice of the appeal is not filed within thirty (30) days after entry of the relevant order").

■ The Contempt Order was a judgment of contempt entered against Contractor based upon the unrebutted allegations contained in the Contempt Petition, not on Contractor's failure to timely answer a pleading. Importantly, such orders are subject to *immediate* appeal when they actually impose sanctions. *College Watercolor Group, Inc.*, 468 Pa. at 119, 360 A.2d at 208; *Cleary*, 899 A.2d at 414. The Contempt Order imposed sanctions in the nature of a $25,000 fine against Lubisky, a $25,000 fine against Union Roofing, and $1,000 in attorney's fees, for a total of $51,000. (Contempt Order.) Accordingly, the Contempt Order was immediately appealable. *College Watercolor Group, Inc.*, 468 Pa. at 119, 360 A.2d at 208; *Cleary*, 899 A.2d at 414. Contractor does not dispute that he received the Contempt Order. In fact, the record indicates that Contractor began attempting to comply with the AVC within days of the entry of the Con-

---

6. We recognize that Contractor's own brief suggests that this is an appeal from the Contempt Order, (Contractor's Br. at 5); however, Contractor's Notice of Appeal states that it is an appeal from the March 2013 Order. (Contractor's Notice of Appeal.)

tempt Order. (Emails from Contractor's counsel to the Bureau's counsel (November 22, 2011, December 14, 2011), S.R.R. at 19b, 21b–22b; Exs. H–L, R.R. at 46–71.[7] ) Contractor did not appeal the Contempt Order. Since no appeal was filed within thirty days, the Contempt Order became final and any issues associated with the entry of that Order can no longer be raised. Pa. R.A.P. 903(a); *Koken*, 885 A.2d at 1101. Therefore, the trial court did not err or abuse its discretion in denying the Petition to Open because it was procedurally improper and an untimely appeal of the Contempt Order.

## B. Did the trial court err in denying the Petition to Open?

Even though the trial court denied the Petition to Open as being procedurally improper and an untimely appeal of the Contempt Order, it also addressed the merits of Contractor's Petition to Open and concluded that Contractor would not have been entitled to that relief. Although we hold that the trial court did not err in denying the Petition to Open for the above-cited reasons, we likewise will consider Contractor's argument that the trial court erred in denying the Petition to Open on its merits.

■■■■ "For a petitioner to prevail in opening a default judgment, the following three factors must coalesce: a) the petition is promptly filed; b) a meritorious defense must be shown; and c) there is a reasonable excuse for failure to file an answer." *Feigley v. Suomela*, 129 Pa.Cmwlth. 81, 564 A.2d 1032, 1035 n. 8 (1989). "[A]ll three parts of the test should be evaluated in light of all the circumstances and equities of the case." *Autologic, Inc. v. Cristinzio Movers*, 333 Pa.Super. 173, 481 A.2d 1362, 1364 n. 2 (1984). However, a "trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." *Castings Condominium Association, Inc. v. Klein*, 444 Pa.Super. 68, 663 A.2d 220, 225 (1995).

■■■■ Contractor has not satisfied the required criteria to open a judgment. First, the Petition to Open had to be promptly filed, and the timeliness is measured *from the date that notice of the entry of the judgment is received*. *Ruczynski v. Jesray Construction Corporation*, 457 Pa. 510, 512, 326 A.2d 326, 328 (1974). The Contempt Order was docketed on November 17, 2011, and Contractor acknowledges receiving the Contempt Order before the end of November 2011. Contractor's counsel emailed the Bureau's counsel on November 22, 2011 and indicated that he met with Contractor on that day and they were "currently in the process of addressing each of [the] issues in the [C]ontempt [P]etition." (Email from Contractor's counsel to the Bureau's counsel (November 22, 2011), S.R.R. at 19b.) Thus, giving Contractor the benefit of the doubt regarding when the Contempt Order was received, the date from which to calculate the timeliness of the Petition to Open is November 22, *2011*. The Petition to Open was filed 435 days later on January 30, *2013*; 435 days is not prompt action.

Second, Contractor's attempt to establish a meritorious defense to the Contempt

---

7. These exhibits contain: Applications for Registration of Fictitious Names dated November 23, 2011, (R.R. at 46–51); Invoices from ALM for Fictitious Name Registration, dated November 28, 2011, (R.R. at 53, 55, 57); Proof of Publication of Notice in the Legal Intelligencer, dated November 28, 2011, (R.R. at 54, 56, 58); Invoice from Philadelphia Newspapers, Inc., dated November 23, 2011, (R.R. at 59–61); and various letters and emails pertaining to changing Contractor's advertising to comply with the terms of the AVC, (R.R. at 63–70).

Petition is based on steps he took *after* he received the Contempt Order. However, these steps would have been a meritorious defense had they been taken *before* the Contempt Petition was filed, as they would have been evidence that Contractor had, in fact, complied with the AVC and was not in contempt of the AVC.

Finally, Contractor was required to prove that he had a reasonable excuse for not filing an answer to the Contempt Petition. Contractor's excuse that the Contempt Petition was not properly served because it was sent to the incorrect address for Contractor's counsel is unpersuasive.

Pa. R.C.P. No. 440(a)(1)(i) governs service of non-original process and provides, in relevant part:

> [c]opies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made ... by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree.

*Id.* Contractor asserts that mailing the Contempt Petition to the allegedly incorrect address of Contractor's counsel rendered service improper. However, Pa. R.C.P. No. 440(a)(1) provides that mailing a copy of the legal paper to "the address of the party's attorney of record endorsed on an appearance or prior pleading of the party," Pa. R.C.P. No. 440(a)(1), is proper service. The last document in the record that was endorsed by Contractor's counsel with counsel's address, prior to the Contempt Petition, was the AVC. The Bureau mailed the Contempt Petition to the address listed on the AVC.[8] (Letter from the Bureau's Counsel to Contractor's Counsel (October 14, 2011), S.R.R. at 15b; Contempt Petition Certificate of Service, R.R. at 99.) Having mailed the Contempt Petition to the last address listed for Contractor's counsel, which was not returned and was in the same building as Contractor's counsel's new office, we conclude that the Bureau complied with Pa. R.C.P. No. 440(a)(1).[9, 10]

For the foregoing reasons, we affirm the trial court's March 2013 Order.

### *ORDER*

**NOW,** March 28, 2014, the March 15, 2013 Order of the Court of Common Pleas of Philadelphia County is hereby **AFFIRMED.**

---

8. This is the same address to which the Bureau mailed the Contempt Order. (Letter from the Bureau's counsel to Contractor's counsel (November 18, 2011), S.R.R. at 17b.)

9. There is no indication in the record that Contractor's counsel communicated his change of address to the Bureau or to the trial court. Notably, Contractor did not mention the alleged improper service of the Contempt Petition in any of his communications with the Bureau following his receipt of the Contempt Order. We note that, accepting Contractor's argument would essentially place the burden on the Bureau, or any other party, to monitor the physical movements of opposing counsel in order to avoid a potential accusation of improper service.

10. Because we conclude that service of the Contempt Petition was in accordance with Pa. R.C.P. No. 440(a)(1), we will not address Contractor's argument pertaining to the alleged improper electronic service of the Contempt Petition.