Rita Smilowitz             :

                            :

     v.                 :  No. 1408 C.D. 2017

                            :  SUBMITTED:  November 13, 2018

City of Chester and Chester    :

Parking Authority and Worrell   :

Real Estate Services, LLC     :

                            :

Appeal of: Worrell Real Estate  :

Services, LLC               :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED:  December 20, 2018

Worrell Real Estate Services, LLC (Worrell) appeals from the May 8, 2017 Order of the Court of Common Pleas of Delaware County (Trial Court) denying its Petition to Open Default Judgment (Petition to Open).[1]  For the reasons that follow, we affirm the Trial Court's Order.

## **Background**

In 2013, Worrell and the City of Chester entered into a Management Agreement (Agreement).  Under the Agreement, Worrell agreed to provide maintenance services, including snow and ice removal, for the property located at 140-160 East Seventh Street in the City of Chester, as well as the property's associated parking lots and common areas.  Agmt. at 1-3.  The Agreement states:

---

[1] Worrell initially filed its appeal in the Pennsylvania Superior Court, which transferred the matter to this Court for disposition.

[The City of Chester] owns an office building located at 140-160 East Seventh Street, Chester, Pennsylvania, consisting of approximately 40,000 square feet **together with parking and other improvements and amenities** (the "Building"); and . . .

. . .

[The City of Chester] wishes to appoint [Worrell] to act as the managing agent of the improvements **including the Building and the adjacent parking and common areas** pursuant to the terms of this Agreement, and [Worrell] wishes to accept such appointment[] . . . .

*Id.* at 1 (emphasis added). On December 11, 2013, the City of Chester passed a Resolution

authoriz[ing] the proper City Officials to enter into the attached [A]greement with Worrell Real Estate Services, [LLC,] 535 Avenue of the States, Chester, PA 19013, for the management of the office building located at 140-160 East 7th Street, Chester, PA 19013, consisting of 40,000 square feet, **together with parking lot and other improvements and amenities**, effective January 1, 2014.

Reproduced Record (R.R.) at 6a (emphasis added).

On February 4, 2014, Rita Smilowitz slipped and fell on ice in the municipal parking lot located on East Seventh Street in the City of Chester. At the time of her fall, Ms. Smilowitz was on her way to the City of Chester Magisterial District Court (District Court), where she had been subpoenaed to testify at a hearing. The District Court is located at 160 East Seventh Street; the municipal parking lot is across the street from the District Court.

On December 14, 2015, Ms. Smilowitz filed a Complaint asserting a cause of action for negligence against the City of Chester and the Chester Parking Authority (together, City Defendants). On January 29, 2016, Ms. Smilowitz filed an Amended

2

Complaint, joining Worrell as an additional defendant.[2] Ms. Smilowitz averred that "Worrell was the agent, servant or employee of [the City Defendants], to provide snow and ice removal services for the property located at 160 East Seventh Street, Chester, PA and the City of Chester East Seventh Street Municipal Parking Lot." Am. Compl., ¶ 5. Worrell did not respond to the Amended Complaint.

Thereafter, the City Defendants filed an Answer and New Matter, asserting cross-claims against Worrell. The City Defendants alleged that under the terms of the Agreement, Worrell was liable for Ms. Smilowitz's injuries and was required to provide a defense and indemnity to the City of Chester.

On April 22, 2016, Ms. Smilowitz served Worrell with a Notice of Intention to File a Praecipe for Entry of Default Judgment against it. Worrell did not respond to the Notice. Thereafter, on May 31, 2016, the Trial Court entered a default judgment against Worrell.[3]

Eleven months later, on April 11, 2017, Worrell filed its Petition to Open, averring as follows:

> 5. [Worrell] was advised by the City of Chester that [it] had no liability for the property located at 145-153 E. 7th Street, as [the Agreement] did not extend to that location.
>
> . . .
>
> 13. [Worrell] has a complete defense to [Ms. Smilowitz's] claim:

---

[2] On January 26, 2016, Ms. Smilowitz and the City Defendants signed a Stipulation to Amend Complaint, in which Ms. Smilowitz agreed to "file an Amended Complaint adding Worrell Real Estate Services, LLC and other responsible parties as Defendants." R.R. at 36a-37a.

[3] In February 2017, Ms. Smilowitz settled her claims with the City Defendants. They are not participants in this appeal.

(a) The injuries sustained by [Ms. Smilowitz] were sustained at 145-153 E. 7th Street, Chester, PA.

(b) [Worrell] does not own, operate or have a contract to manage the property located at 145-153 E. 7th Street, Chester, PA.

(c) [Worrell] did not cause or contribute to the conditions at 145-153 E. 7th Street, Chester, PA that resulted in [Ms. Smilowitz's] injuries.

. . .

14. [Worrell] has repeatedly been advised by Defendant City of Chester that [it] had no liability for the injuries sustained by [Ms. Smilowitz] including in open court.

15. [Worrell] believed that comments made in open court by the Defendant City of Chester's counsel w[ere] sufficient to relieve [it] of any further obligation to defend this suit.

16. [Worrell] was not treated by [Ms. Smilowitz's] counsel or the [Trial] Court as a *pro se* litigant during scheduled settlement conferences.

Pet. to Open Default Judg., ¶¶ 5, 13(a)-(c), 14-16.[4] Ms. Smilowitz filed a Response to the Petition to Open, in which she averred, *inter alia*, that Worrell "was served with Interrogatories and Request for Production of Documents which [Worrell] failed to answer" and that Worrell "was not excluded from settlement discussions, and appeared and participated in a voluntary mediation proceeding held by the [Trial] Court." Smilowitz's Resp. to Pet. to Open, ¶¶ 9-10.

On May 8, 2017, the Trial Court denied Worrell's Petition to Open. In its Pa. R.A.P. 1925(a) Opinion, the Trial Court explained its reasoning as follows:

---

[4] In its brief, Worrell states: "Once the [Trial] Court scheduled this matter for further action after the settlement of the claim by the [City Defendants], [Worrell] obtained counsel and filed a Petition to Open Default Judgment." Worrell's Br. at 7.

4

The contention of [Worrell] of being advised by the [City Defendants] that there was no need for [Worrell] to defend against [Ms. Smilowitz's] claims was utterly belied by the [City Defendants'] pleadings against [Worrell], as well as by [Worrell's] failure to submit any corroborative evidence whatsoever establishing that the [City Defendants] intended and acted to dissuade [Worrell] from raising a defense to this action. In fact, [the] Agreement between the . . . City of Chester[] and [Worrell] required [Worrell] to provide a defense and indemnity to the [City] Defendants in these circumstances.

Finally, [Worrell's] total failure to file responsive pleadings to the Complaint and otherwise participate in the instant litigation following its initiation in January of 2016, and for nearly a year after the taking of the default judgment on May 31, 2016, was violative [sic] of the Pennsylvania Rules of Civil Procedure that require even *pro se* litigants to adhere to requirements of a party sued in our courts. In addition to the protracted delay in petitioning to open the default judgment, [Worrell's] lack of a meritorious defense to this action and of a reasonable excuse for the failure to file a responsive pleading resulted in this Court's . . . Order denying its prayer for relief. . . .

. . .

Therefore, even if there were a scintilla of support, credibility and reliability surrounding [Worrell's] averments of being told by the [City Defendants] that [Worrell] was not liable for [Ms. Smilowitz's] injuries, and to be sure, there is none, [Worrell] was still required, as a *pro se* litigant, to provide responsive pleadings, answers to discovery requests, and the requisite degree of proofs until [Ms. Smilowitz's] claims and [the City] Defendants' defenses were resolved in . . . a court of law.

Trial Ct. Op., 8/4/17, at 1-2, 11. Worrell now appeals to this Court.

## Issues

(1) Did the Trial Court abuse its discretion in failing to hold an evidentiary hearing to determine whether Worrell's failure to properly answer the Amended Complaint was the result of non-negligent circumstances?

5

(2) Did the Trial Court abuse its discretion in failing to hold an evidentiary hearing to determine if Ms. Smilowitz's counsel engaged in impermissible *ex parte* communications with the Trial Court?

**Parties' Arguments**

Worrell argues that the Trial Court improperly precluded it from creating an evidentiary record to support its contention that it reasonably believed it was represented by the City Defendants' counsel. Worrell also argues that it reasonably believed that it was not required to respond to the Amended Complaint because the City Defendants' counsel stated in open court that Worrell bore no responsibility for Ms. Smilowitz's injuries. Finally, Worrell argues that the Trial Court abused its discretion in failing to hold a hearing to determine if Ms. Smilowitz's counsel engaged in impermissible *ex parte* communications with the Trial Court.

In response, Ms. Smilowitz argues that the Trial Court properly denied Worrell's Petition to Open because Worrell failed to satisfy the requirements for opening a default judgment. First, Worrell did not promptly file its Petition to Open, as Worrell filed it 11 months after entry of the default judgment. Second, Worrell did not offer a reasonable excuse for its failure to respond to the Amended Complaint. According to Ms. Smilowitz, Worrell's claim that the City Defendants stated that Worrell is not liable is belied by both the language of the Agreement and the City Defendants' cross-claims. Third, Worrell failed to establish a meritorious defense because the Agreement clearly required Worrell to maintain not only the property located at 140-160 East Seventh Street, but also the associated parking lots. Ms. Smilowitz further asserts that Worrell's allegations of *ex parte* communications between her counsel and the Trial Court are both unfounded and waived.

## Analysis

A petition to open a default judgment is an appeal to the Trial Court's equitable powers and a matter of judicial discretion. *McCoy v. Pub. Acceptance Corp.*, 305 A.2d 698, 700 (Pa. 1973). The decision whether to grant or deny a petition to open a default judgment is within the Trial Court's sound discretion, and we will not reverse that decision "absent a 'manifest abuse of discretion.'" *Office of Atty. Gen., Bureau of Consumer Prot. v. Lubisky*, 88 A.3d 328, 332 n.5 (Pa. Cmwlth. 2014) (citation omitted).

To successfully open a default judgment, the defendant must show that he or she: (1) promptly filed the petition to open; (2) has a reasonable excuse for failing to respond to the complaint; and (3) has a meritorious defense. *Comyn v. Se. Pa. Transp. Auth.*, 594 A.2d 857, 858 (Pa. Cmwlth. 1991); *see Schultz v. Erie Ins. Exch.*, 477 A.2d 471, 472 (Pa. 1984). A petition to open must be "filed within ten days after the entry of the judgment on the docket." Pa. R.C.P. No. 237.3(b). However, if the defendant files a petition to open more than 10 days after the entry of judgment, as Worrell did here, then the defendant must satisfy the three-part test.

In determining whether a petition to open was promptly filed, our Court has stated that "timeliness is measured from the date that notice of the entry of the judgment is received." *Lubisky*, 88 A.3d at 334. Here, it is undisputed that Worrell filed its Petition to Open 11 months after the default judgment was entered. Critically, Worrell admits that it was timely served with both the Notice of Intention to File a Praecipe for Entry of Default Judgment and the Notice of Entry of Default Judgment. *See* Worrell's Br. at 5; Pet. to Open Default Judg., ¶¶ 8-9. Therefore, the Trial Court properly concluded that Worrell did not promptly file its Petition to Open.

7

Next, Worrell's Petition to Open did not set forth a reasonable excuse for its failure to timely respond to the Amended Complaint. Worrell averred that it was not obligated to respond to the Amended Complaint based on alleged oral representations by the City Defendants' counsel, which led Worrell to believe that it was represented by the City Defendants' counsel. Worrell also averred that the City Defendants' counsel stated in open court that Worrell bore no responsibility for Ms. Smilowitz's injuries.

Worrell's contentions are belied by the record. Although Worrell claims that it was advised by the City Defendants that it had no liability, the record shows that both City Defendants filed cross-claims against Worrell, alleging that Worrell was liable for Ms. Smilowitz's injuries by virtue of the Agreement. The City of Chester also filed a cross-claim alleging that Worrell was required to provide a defense and indemnity to the City of Chester under the Agreement. Notably, Worrell has provided no details regarding the place, time, or specific content of counsel's purported statements, other than a bare assertion that they occurred "in open court." Pet. to Open Default Judg., ¶¶ 14-15. Because the record contains no evidence to support Worrell's contentions, the Trial Court properly found that Worrell did not satisfy the reasonable excuse prong.

Worrell's Petition to Open also failed to include allegations of a meritorious defense that, if proven at trial, would entitle it to relief. The only defense alleged in the Petition to Open was that Worrell was not liable because the parking lot where Ms. Smilowitz fell was across the street from the District Court and, therefore, not encompassed by the Agreement. However, the Agreement explicitly provides that it applies to the property "located at 140-160 East Seventh Street, Chester, Pennsylvania, consisting of approximately 40,000 square feet **together with**

8

**parking and other improvements and amenities**." Agmt. at 1 (emphasis added); *see also* R.R. at 6a.

It is true, as Worrell points out, that the Agreement does not identify the precise location of the parking areas that are the subject of the Agreement. Nonetheless, it is undisputed that Ms. Smilowitz fell in a municipal parking lot across the street from the District Court. Worrell has not alleged that there are any other parking areas in the vicinity of the District Court to which the Agreement would apply.

Even if Worrell could have proven that the municipal parking lot at issue was not encompassed by the Agreement, Worrell's failure to promptly file its Petition to Open and to provide a reasonable excuse for failing to respond to the Amended Complaint precludes Worrell from obtaining relief. *See McCoy*, 305 A.2d at 700 (stating that all three factors must be met before a default judgment may be opened). Therefore, we conclude that the Trial Court properly denied Worrell's Petition to Open and did not abuse its discretion in failing to hold a hearing on the Petition.

Finally, we agree with Ms. Smilowitz that Worrell has waived its claim regarding alleged *ex parte* communications between Ms. Smilowitz's counsel and the Trial Court because Worrell asserted it for the first time in its Pa. R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal. *See* Pa. R.A.P. 302(a) (stating that issues raised for the first time on appeal are waived). We also conclude that the Trial Court did not abuse its discretion in failing to hold a hearing regarding Worrell's *ex parte* claims, as the Trial Court had no notice of such claims until after the appeal was filed.[5]

---

[5] In any event, the Trial Court addressed Worrell's allegations in its Pa. R.A.P. 1925(a) Opinion as follows:

## **Conclusion**

Accordingly, we affirm the Trial Court's Order.

_____
ELLEN CEISLER, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

---

There are scurrilous allegations that this Court engaged in *ex parte* contact with counsel for the opposing parties and ostracized [Worrell] from participation in a "voluntary settlement" event. However, that event took place in another forum, in a different venue before another judicial officer or arbitrator, and it is long since past the time when an appeal therefrom can be waged over the issue as to whether an evidentiary hearing on [Worrell's] status therein ought to have taken place. Further, [Worrell] has submitted no transcript or reproduced record, nor witness testimony from any such proceedings, including from this Court's mediation conference held on April 7, 2017, at which [Worrell's] counsel was present and fully participated in the discussion.

Trial Ct. Op., 8/4/17, at 9-10 (internal citations omitted).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rita Smilowitz                   :

                                      :

       v.                  :  No. 1408 C.D. 2017

                                        :

City of Chester and Chester     :

Parking Authority and Worrell   :

Real Estate Services, LLC       :

                                        :

Appeal of: Worrell Real Estate  :

Services, LLC                  :

## O R D E R

AND NOW, this 20th day of December, 2018, the Order of the Court of Common Pleas of Delaware County, dated May 8, 2017, is hereby AFFIRMED.

_____

ELLEN CEISLER, Judge