IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stillwater Lakes Civic Association  :
and Stillwater Lakes Sewer  :
Corporation  :
                                             :
         v.  :  No. 745 C.D. 2022
                                               :
Yasmin Escarfullery,  :
                 Appellant  :  Submitted:  May 26, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                        FILED:  August 29, 2023

Currently before us is Appellant Yasmin Escarfullery's (Escarfullery) appeal, through which she challenges the Court of Common Pleas of Monroe County's (Common Pleas) May 18, 2022 order that cancelled a previously scheduled statutory arbitration hearing, as well as a default judgment that was subsequently entered against her via praecipe on June 17, 2022. After thorough consideration, we quash Escarfullery's appeal, due to our lack of jurisdiction over this matter.

## I. Background

On May 18, 2018, Appellees Stillwater Lakes Civic Association and Stillwater Lakes Sewer Corporation (Civic Association and Sewer Corporation, individually, and Stillwater, collectively) filed a seven-count Complaint against Escarfullery in Common Pleas. Therein, Stillwater alleged that Escarfullery owned a property located in the Civic Association's subdivision and had failed to pay "dues, assessments, sewer charges and other various charges in the [aggregate] amount of

Seventeen Thousand Eighty-Three Dollars and Seventy-Eight Cents ($17,083.78)" that had been assessed against her property by the Civic Association and the Sewer Corporation. Reproduced Record (R.R.) at 1a-2a. Accordingly, Stillwater sought monetary damages in that amount and "all future dues, assessments, and sewer charges incurred through the time of trial," as well as attorney's fees, costs, and interest. *Id.* at 4a-12a. Thereafter on December 2, 2021, Stillwater filed a Praecipe for Arbitration. An arbitration hearing was then scheduled for January 11, 2022, but was postponed multiple times by Common Pleas over the following months, due to successive continuance requests made by the parties. *See id.* at 76a-103a.[1]

Eventually, the hearing was rescheduled for May 20, 2022. *Id.* at 97a. Escarfullery was unable to attend the hearing, but the parties nevertheless agreed to proceed with the hearing on that date, with the understanding that the arbitration panel would "enter a default award which could be appealed *de novo* [to Common Pleas] for trial." *Id.* at 128a; *see id.* at 116a (May 16, 2022 letter, in which Escarfullery's counsel advised Stillwater's counsel that "my client is unable to attend [the hearing and], therefore[,] we will take the default judgment in this matter"). Common Pleas then issued an order on May 18, 2022, through which it cancelled the arbitration hearing and directed Stillwater to file for default judgment against Escarfullery within 30 days. *Id.* at 118a.

Escarfullery responded by filing a Motion for Reconsideration on June 10, 2022, in which she requested that Common Pleas vacate its May 18, 2022 order, because she had "agreed to take a default judgment for the arbitration only—not the

---

[1] As reflected by the Reproduced Record, there were three continuance requests. The first two were filed by Appellees, who asked for the continuances because of ongoing settlement negotiations. The third one was filed by Appellant, who asked for the continuance because her attorney had to attend to a personal matter. All three of these continuance requests were filed with the consent of the opposing party or parties. *See* R.R. at 76a-103a.

[entire] case." *Id.* at 104a-05a. This Motion for Reconsideration was not transmitted to Common Pleas in a timely manner, due to an unexplained administrative breakdown in Common Pleas' Office of the Prothonotary, and was never adjudicated by the lower court. *Id.* at 128a.[2] On June 17, 2022, Stillwater filed a Praecipe for Default Judgment and Assessment of Damages in Common Pleas, whereupon Common Pleas' prothonotary entered judgment against Escarfullery that same day in the amount of $43,932.64. *Id.* at 111a-13a, 128a. This appeal to our Court followed shortly thereafter.

## II. Discussion

Under normal circumstances, we would now consider the substantive merits of Escarfullery's appellate arguments. However, we cannot do so in this instance because we lack jurisdiction over this matter.[3] With regard to Common Pleas' May 18, 2022 order, it was neither final, collateral in nature, nor interlocutory and appealable as of right. *See* Pa. R.A.P. 311(a)(1), 313, 341. Thus, we cannot currently rule upon the merits of that order. Similarly, Stillwater's default judgment is not reviewable at this juncture. As we have explained in the past:

> Default judgments generally are governed by Pennsylvania Rules of Civil Procedure 237.1-237.6, 1037, Pa. [R.Civ.P.] 237.1-237.6, 1037, and are granted ministerially by prothonotaries and without judicial involvement. *Gotwalt v. Dellinger*, . . . 577 A.2d 623, 625 ([Pa. Super.] 1990).

---

[2] This was apparently due to Common Pleas' belief that it lacked jurisdiction to do so when it was finally made aware of the Motion's existence, due to the fact that Appellant had already filed the instant appeal. *See* R.R. at 128a-29a.

[3] Though none of the parties have raised jurisdictional concerns, it is well settled that "questions of jurisdiction can never be waived, and may be raised at any time by the parties or *sua sponte* by an appellate court." *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 n.2 (Pa. Cmwlth. 2002).

> Such judgments are not judicial orders and are not subject to an immediate appeal after their entry; rather, to obtain relief, the party against whom the judgment was entered may either file a petition to strike the default judgment or file a petition to open the default judgment. *Mother's Restaurant, Inc. v. Krystkiewicz*, 861 A.2d 327, 336 (Pa. Super. 2004). Once a court of common pleas rules on one of these petitions, *then* the aggrieved party has a right to an appeal to higher court pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(1), Pa. R.A.P. 311(a)(1) (granting an [interlocutory] appeal as of right from any "order refusing to open, vacate or strike off a judgment").

*Off. of Att'y Gen., Bureau of Consumer Prot. v. Lubisky*, 88 A.3d 328, 333 (Pa. Cmwlth. 2014) (emphasis in original). Here, the default judgment that was entered in this matter exists only as an administrative docket entry in response to Stillwater's praecipe and has yet to be the subject of an order that falls within the scope of Pennsylvania Rule of Appellate Procedure 311(a)(1). As such, we lack jurisdiction at this point in time to consider the propriety of either the May 18, 2022 order or the subsequently entered default judgment.

### III. Conclusion

In light of the foregoing, we quash Escarfullery's appeal.[4]

_____
ELLEN CEISLER, Judge

---

[4] Our quashal of Escarfullery's appeal does not affect Common Pleas' authority to adjudicate Escarfullery's still-outstanding Motion for Reconsideration, or Escarfullery's ability to file a petition to open or strike the default judgment.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stillwater Lakes Civic Association  :
and Stillwater Lakes Sewer  :
Corporation  :
 :
 v.  :  No. 745 C.D. 2022
 :
Yasmin Escarfullery,  :
 Appellant  :

# O R D E R

AND NOW, this 29th day of August, 2023, it is hereby ORDERED that Appellant Yasmin Escarfullery's appeal is QUASHED, due to lack of jurisdiction.

_____
ELLEN CEISLER, Judge