IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lerex Dooley,                          :
                    Petitioner          :
                                        :
         v.                             :   No. 46 M.D. 2023
                                        :
Michael McGeever; Director of           :
Records; Sara Innamorato; County        :
Executive,                              :
                    Respondents         :   Submitted:  March 8, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  March 22, 2024

Currently before this Court are Respondents Michael McGeever, Director of Records, and Sara Innamorato, County Executive's (collectively Respondents) preliminary objections to Petitioner Lerex Dooley's (Petitioner) Petition for Review for Writ of Mandamus (Mandamus Petition).[1] Through his Mandamus Petition, Petitioner requests an order directing Respondents to enter a default judgment against his former attorney in a separate civil matter initiated by Petitioner in the Court of Common Pleas of Allegheny County (Common Pleas). After thorough review, we sustain the preliminary objections and dismiss the Mandamus Petition.

---

[1] Petitioner was, and is, incarcerated within our Commonwealth's state prison system. *See* Mandamus Pet., ¶2. McGeever is the Director of Allegheny County's Department of Records, while Innamorato is the Allegheny County Executive. *Id.*, ¶¶5-6; Respondents' Prelim. Objs., ¶¶2-3. Rich Fitzgerald (Fitzgerald) was the Allegheny County Executive at the time of the Mandamus Petition's filing. However, Innamorato was elected to this position and assumed office on January 2, 2024. Consequently, Innamorato was automatically substituted for Fitzgerald as a named respondent in this matter pursuant to Pennsylvania Rule of Appellate Procedure 502(c).

## I. Background

On March 18, 2019, Petitioner filed a three-count complaint (Complaint) against John F. Mintzer, Esquire (Mintzer), in Common Pleas. Petitioner alleged in this Complaint that Mintzer had represented him in a Section 1983[2] civil rights action against various prison personnel, but had fraudulently and negligently settled that action without Petitioner's consent. *See* Mandamus Pet., ¶7, Ex. A. Attached to that Complaint was a certificate of service, inexplicably dated June 3, 2018, in which Petitioner averred that he had served Mintzer with the Complaint via first-class mail. *Id.*, Ex. A. According to Petitioner, this service occurred on March 18, 2020.[3] *Id.*, ¶7.

Mintzer did not file a response to the Complaint, prompting Petitioner to mail him a notice of intent to enter default judgment (Notice) on February 20, 2020. *Id.*, ¶10, Ex. B.[4] Mintzer failed to respond to this Notice, prompting Petitioner to mail Common Pleas' Clerk of Court a praecipe to enter default judgment against Mintzer on March 25, 2020, in the amount of $75,485. *Id.*, ¶¶11-12, Ex. C. Despite Petitioner's efforts, however, Respondents declined to enter his desired default judgment against Mintzer. *Id.*, ¶¶15-16, Ex. D.

---

[2] Enacted as part of the Civil Rights Act of 1871, this statute allows individuals to sue a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.

[3] Logically speaking, it is likely that Petitioner meant to aver that service occurred in 2019, rather than in 2020. Taken at face value, however, Petitioner asserts that it took more than a year for Mintzer to be served with the Complaint.

[4] Taking Petitioner's averments at face value, he did not serve his Complaint upon Mintzer until *after* he had mailed Mintzer the Notice.

As a result, Petitioner filed his Mandamus Petition with our Court on January 26, 2023. Therein, Petitioner asserts that Respondents have a ministerial duty to enter a default judgment against Mintzer, but have "deliberately failed . . . to do so," because they are "unethically protecting [Mintzer,]" as well as that he has no viable legal mechanism to compel them to do so, other than by obtaining mandamus relief. *Id.*, ¶¶16-18. Accordingly, Petitioner requests that we direct Respondents to enter his default judgment against Mintzer, and award him costs, fees, and interest. *Id.*, ¶¶20-22.

Respondents then filed preliminary objections to the Mandamus Petition on March 21, 2023. They demur to Petitioner's claim, alleging that entering Petitioner's desired default judgment was, and is, barred on account of his failure to show that he properly served his Complaint upon Mintzer. Prelim. Objs., ¶¶4-20. Accordingly, they seek dismissal of the Mandamus Petition. *Id.*, Wherefore Clause.[5]

## II. Discussion

We consider Respondents' preliminary objections in the context of standards governing both demurrers and mandamus relief. "In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible from the allegations. In addition, courts reviewing preliminary objections may not only consider the facts pled in the [petition], but also

[5] Petitioner subsequently filed an "Application of Special Relief (in the Nature of Peremptory Judgment)" (Application) on March 27, 2023. Thereafter, on July 25, 2023, we issued a *per curiam* order directing Petitioner to file a brief both in support of his Application and against Respondents' preliminary objections no later than August 8, 2023, and cautioned him that, in the event he failed to comply, "[this] Court will proceed with the preliminary objections without Petitioner's brief and Petitioner's Application will be dismissed." Commonwealth Ct. Order, 7/25/23, at 1. Despite this warning, Petitioner failed to file the required brief. Accordingly, this Court issued another *per curiam* order on August 29, 2023, which dismissed Petitioner's Application and further stated that "[this] Court will proceed with the preliminary objections without Petitioner's brief." Commonwealth Ct. Order, 8/29/23, at 1.

documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007) (citations omitted). "However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. Any doubt must be resolved in favor of the non-moving party." *Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021) (citations omitted) (quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)). As for mandamus, it

> is an extraordinary remedy designed to compel the performance of a ministerial act or a mandatory duty. Mandamus may only be granted where there is a clear legal right in the [petitioner], a corresponding duty in the [respondent], and a lack of any other appropriate and adequate remedy. Mandamus will not issue unless the right of the petitioner is clear and specific; it can never be invoked in a doubtful case.

*Phila. Firefighters' Union, Loc. 22, Int'l Ass'n of Firefighters, AFL-CIO ex rel. Gault v. City of Philadelphia*, 78 A.3d 16, 19 (Pa. Cmwlth. 2013).

Again, Respondents' demurrer is based upon their assertion that Petitioner failed to properly serve his Complaint upon Mintzer. "Default judgments generally are governed by Pennsylvania Rules of Civil Procedure 237.1-237.6 and 1037, Pa. R.Civ.P. 237.1-237.6 and 1037, and are granted ministerially by prothonotaries and without judicial involvement." *Off. of Atty. Gen., Bureau of Consumer Prot. v. Lubisky*, 88 A.3d 328, 333 (Pa. Cmwlth. 2014) (cleaned up). Nevertheless, a prothonotary or clerk of court lacks authority to enter a default judgment in the event a fatal defect pertaining to the propriety of that judgment appears on the face of the record. *See Fountainville Hist. Farm Ass'n of Bucks Cnty., Inc. v. Bucks Cnty.*, 490

A.2d 845, 848 (Pa. Super. 1985).[6] As for service of original process in civil matters, the Pennsylvania Rules of Civil Procedure mandate that personal service of such process must be effected upon a defendant by a sheriff. Pa. R.Civ.P. 400(a).[7] Thus, if there is a facially fatal defect regarding service of a complaint, a prothonotary or clerk of court cannot enter a default judgment against the affected defendant.

In this instance, Petitioner has failed to facially establish that he successfully served his Complaint upon Mintzer. This is for three reasons. First, the certificate of service attached to Petitioner's Complaint states that he sent it to Mintzer via first-class mail. Mandamus Pet. ¶7, Ex. A. Second, at no point does Petitioner aver that a sheriff personally served Mintzer with the Complaint. Third, Petitioner does not aver that Mintzer has actual notice of Petitioner's legal action against him, irrespective of Petitioner's good faith noncompliance with the aforementioned procedural requirements. *See McCreesh v. City of Phila.*, 888 A.2d 664, 674 (Pa. 2005) (plaintiff's failure to comply with Rules of Civil Procedure's technical service requirements for original process is not fatal where plaintiff acted in good faith, defendant received actual notice that the civil action had been filed against them, and defendant was not prejudiced by plaintiff's noncompliance).[8] There is thus, at

---

[6] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[7] There are some exceptions in Rule 400 to this requirement, but none of them are relevant here because of the type of civil action Petitioner filed against Mintzer, as well as the court in which he filed it. *See* Pa. R.Civ.P. 400.

[8] Respondents also attempt to buttress their argument by stating that the case docket is devoid of proof that the Complaint was properly served upon Mintzer, as well as by attaching a copy of the docket summary to their brief. *See* Respondents' Br. in Support of Prelim. Objs. at 2-3, Ex. 4. However, in doing so, Respondents rely upon information and documents beyond that **(Footnote continued on next page…)**

minimum, facial support for Respondents' conclusion that they could not enter Petitioner's desired default judgment against Mintzer. This precludes Petitioner from establishing that he has a clear right to the mandamus relief he seeks through this matter.

### III. Conclusion

In light of the foregoing analysis, we sustain Respondents' demurrer to the Mandamus Petition and dismiss his action without prejudice.

_____
ELLEN CEISLER, Judge

---

which is contained in the Mandamus Petition. Thus, to the extent that Respondents' preliminary objection is based upon those extratextual averments and materials, it is an impermissible speaking demurrer. *See Smith v. Pa. Emps. Benefit Tr. Fund*, 894 A.2d 874, 877 n.3 (Pa. Cmwlth. 2006) ("A demurrer may not be a speaking demurrer; it may not aver the existence of facts not apparent from the face of the challenged pleading."). Furthermore, even if we could consider them, they would not necessarily be dispositive on their own. *See Com. ex rel. McKinney v. McKinney*, 381 A.2d 453, 455 (Pa. 1977) ("The absence of a return that service has been effected . . . is not conclusive of non-service upon a court which hears facts establishing the validity of the service."). These are both nothing more than academic points in this instance, of course.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lerex Dooley,                                    :
                        Petitioner               :
                                                 :
        v.                                       :    No. 46 M.D. 2023
                                                 :
Michael McGeever; Director of                    :
Records; Sara Innamorato; County                 :
Executive,                                       :
                        Respondents              :

# **O R D E R**

AND NOW, this 22nd day of March, 2024, it is hereby ORDERED:

1.    Respondents Michael McGeever, Director of Records, and Sara Innamorato, County Executive's preliminary objections to Petitioner Lerex Dooley's Petition for Review for Writ of Mandamus (Mandamus Petition) are SUSTAINED;

2.    The Mandamus Petition is DISMISSED WITHOUT PREJUDICE.


_____
ELLEN CEISLER, Judge