**ON–POINT TECHNOLOGY SYSTEMS, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE and Robert A. Judge, Secretary of Revenue, Respondents.**

Commonwealth Court of Pennsylvania.

Argued May 17, 2000.

Decided June 12, 2000.

---

Robert V. Dell'Osa, Philadelphia, for petitioner.

Jullia A. Sheridan, Harrisburg, for respondents.

Before SMITH, J., PELLEGRINI, J., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Before this Court are preliminary objections filed by the Commonwealth of Pennsylvania, Department of Revenue and Robert A. Judge, Secretary of Revenue (collectively, the Department) in response to a petition for review filed by On–Point Technology Systems, Inc. (On–Point) seeking injunctive relief to preliminarily and permanently enjoin the Department from acquiring lottery services from Automated Wagering International, Inc. (AWI).

This case arises as a result of a request for proposals (RFP) issued by the Department on August 12, 1997, inviting the submission of bids for on-line lottery games system consisting of computer hardware and software. Although lottery ticket vending machines are not part of an on-line lottery games system, the Department indicated in Section 5.10 of the RFP that such vending machines would be "options" that would be considered when evaluating bid proposals. AWI, an on-line lottery games system provider, submitted a proposal in which it stated that vending machines would be supplied by On–Point. In February 1998, the Department awarded the contract to AWI as the lowest bidder for an on-line lottery games system which included the design and production of a lottery games system. The contract did not contain any terms, i.e., price and quantity for the "options" but stated that if the Department chose to exercise an option, the terms would be mutually agreed upon by the parties. On December 16, 1999, the Department and AWI entered into a "Second Amendment" to the contract which did not involve any elements of the on-line system but called for AWI to furnish 2,400 lottery ticket vending machines to the Department. The agreement provided that the Department would pay AWI $225 per month for each machine. AWI indicated in this agreement that Interlott Technologies (Interlott), a competitor of On–Point, would supply the vending machines to AWI rather than On–Point.

Upon reading a press release issued by Interlott that it received an order from AWI to provide 2,400 vending machines to the Department, On–Point, as a taxpayer, filed with this Court a petition for review in the nature of a complaint in equity seeking to enjoin[1] the award of the contract because it violated competitive bidding requirements contending that:

- the Second Amendment is not a true modification of the February 1998 agreement between the Department and AWI, but is a new contract;
- equipment such as the vending machines can only be acquired through the Department of General Services pursuant to the Procurement Code, 62 Pa.C.S. § 301(a) and (b);
- the Department lacks authority to enter into a contract for the procure-

---

1. On–Point sought a preliminary injunction to enjoin the Department from acquiring the vending machines from AWI. A hearing was scheduled on the preliminary injunction for March 30, 2000, but by order dated March 30, 2000, we continued the matter pending the resolution of the Department's preliminary objections.

ment of vending machines, and as such, the Second Amendment is an abuse of discretion and constitutes a violation of law;

- any contract for the procurement of supplies such as vending machines may only be awarded by competitive bidding pursuant to 62 Pa.C.S. § 511 and 512(a), and the Department did not conduct competitive bidding for the procurement of vending machines;

- because there was no competitive bidding for the vending machines, the Department's decision to enter into the Second Amendment was an abuse of discretion;

- the Department's decision to procure vending machines from AWI constitutes an improper expenditure of public funds; and

- if the Department was not required to solicit bids for the acquisition of vending machines, then it was an abuse of discretion and a violation of law for the Department to acquire vending machines from Interlott when the contract was competitively bid and AWI was awarded the contract in which it specified that On-Point would furnish the vending machines.

The Department responded by filing preliminary objections that are presently before us contending that On-Point's petition for review should be dismissed because:

- this Court lacks jurisdiction because On-Point has an adequate remedy at law with the Board of Claims which has exclusive jurisdiction to hear this matter involving the breach of contract claim pending before it;

- this cause of action is barred by the pendency of On-Point's proceeding before the Board of Claims;

- this Court lacks jurisdiction in this matter because it is not ripe as the Board of Claims has not yet issued a decision and order in the pending matter;

- this Court lacks jurisdiction because On-Point's claim was not timely filed as required by the Procurement Code, 62 Pa.C.S. § 1711;

- On-Point is not a proper party to the contract between the Department and AWI; and

- this Court cannot compel the Department to acquire instant lottery games vending machines from On-Point.

As to the Department's contention that this Court lacks jurisdiction because On-Point has an adequate remedy at law before the Board of Claims where its contract claim is currently pending on this matter, the claim pending before the Board of Claims does not involve the contract between the Department and AWI that is at issue here but involves a separate service agreement directly between On-Point and the Department.[2] Even if it

2. More specifically, On-Point's complaint before the Board of Claims alleged the following: On-Point entered into a three-year agreement with the Department on March 12, 1993, to install, maintain, repair, service and provide support and vendor training for vending machines it sold to the Department. On August 28, 1995, the Department issued a request for a proposal inviting On-Point to submit a proposal to sell additional vending machines to the Department and to enter into a maintenance contract to replace the previous service agreement. On-Point submitted a proposal to the Department indicating it was necessary to increase its fee for maintenance. The Department accepted the proposal and

agreed by a letter of intent to enter into contract negotiations with On-Point. Before the three-year service agreement expired, the Department notified On-Point that it intended to extend the service agreement for one year under the same terms and conditions as the original agreement. On-Point agreed to do so, believing the Department would continue to engage in good faith negotiations regarding the contract to replace the service agreement which included the increased service charge. In January 1996, the Department indicated it would begin negotiations to enter into a contract but by March 1996, postponed negotiations due to the receipt of a protest submitted

involved the same contract, while the Board of Claims has exclusive jurisdiction to arbitrate claims arising from Commonwealth contracts,[3] On–Point's petition for review is not seeking a review of the contract between the Department and AWI but is seeking, as a taxpayer, to prevent the improper expenditure of public funds to enjoin the Department from acquiring the vending machines from AWI. While the Board of Claims is empowered to hear contract disputes, it has no jurisdiction over a taxpayer suit to enjoin the improper award of a public contract. *Ezy Parks v. Larson*, 499 Pa. 615, 454 A.2d 928 (1982) (taxpayer's standing not defeated by the fact that the complaining taxpayer is also a disappointed bidder). As such, the Department's arguments that this action is barred by the matter pending before the Board of Claims, that the matter is not yet ripe because the Board of Claims has not yet issued a decision in the breach of contract action, and that On–Point has an adequate remedy at law, are without merit.

■ The Department also argues that this Court lacks jurisdiction because On–Point's petition was not timely filed because Section 1711(a) of the Commonwealth Procurement Code (Procurement Code), 62 Pa.C.S. § 1711(a),[4] requires a disappointed bidder to file a protest within seven days from the date it becomes aware of the award of a contract, which is the same as saying that On–Point has an adequate administrative remedy at law.

Prior to the enactment of the Procurement Code, only a taxpayer of the jurisdiction funding the contract had standing to challenge the improper award of a contract; a disappointed bidder lacked standing to challenge its award because a disappointed bidder was not aggrieved because it had no property interest to receive the contract. *American Totalisator Co., Inc. v. Seligman*, 489 Pa. 568, 414 A.2d 1037 (1980). What the Procurement Code did for the first time was to give standing to disappointed bidders to challenge the award. However, it did not take away the right of taxpayers to bring an action in equity to enjoin the award of a contract when the bidding requirements were not followed. Because On–Point did not file its petition for review here as a disappointed bidder but as a taxpayer, the seven-day provision time period to challenge the award of bids is inapplicable.

■ In addition, because On–Point brought this action as a taxpayer, the Department's contention that this matter is not properly before us because On–Point was not a party to the contract between the Department and AWI is similarly without merit. Whether On–Point is a party to the contract is irrelevant; this is not a contract action or a disappointed bidder action, but an action brought by On–Point as a taxpayer challenging the award on the basis that the award was not conducted in accordance with the Procurement Code. Therefore, the Department's contentions lack merit and its preliminary objections are overruled.

by Interlott. Subsequently, the Department rejected On–Point's proposal. The complaint alleges that the Department failed, *inter alia*, to pay On–Point for its fees for the extended services contract from April 1996 through March 1997, and breached its contractual obligations to conduct good faith contract negotiations regarding the replacement contract.

3. *See* Section 1 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–4.

4. 62 Pa.C.S. § 1711(a) requires that:
An actual or prospective bidder, offeror or contractor who is aggrieved in connection with the solicitation or award of a contract may protest to the head of the purchasing agency in writing. All protests under this subsection must be made within seven days after the protestant knows or should have known of the facts giving rise to the protest. If a *protest is submitted by a protestant* who did not submit a bid, the protest must be received by the head of the purchasing agency prior to the bid opening time or the proposal receipt date, or it shall be considered untimely and can be disregarded by the purchasing agency.

Finally, the Department argues that we cannot compel it to purchase the vending machines from On–Point because it cannot be compelled to perform an affirmative act that is not ministerial or mandatory in nature as required by an action in mandamus. However, On–Point is not asking this Court to order the Department to purchase its vending machines, but is only asking us to enjoin the Department from purchasing them from Interlott because it failed to act in accordance with the Procurement Code, which requires competitive bidding for all goods purchased.

Accordingly, for the reasons set forth in this opinion, the Department's preliminary objections to On–Point's petition are overruled.

### ORDER

AND NOW, this 12th day of June, 2000, the preliminary objections filed by the Commonwealth of Pennsylvania, Department of Revenue and Robert A. Judge, Secretary of Revenue, are overruled and the Respondents are ordered to file an answer within thirty (30) days of this order.