PENNHURST MEDICAL GROUP,
P.C., Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Michael Stauffer, Deputy Secretary for Administration and Kevin T. Gallagher, individually and d/b/a Americare Services, Respondents.

Commonwealth Court of Pennsylvania.

Argued March 12, 2002.
Decided April 18, 2002.

Julia E. Gabis, Conshohocken, for petitioner.

Sallie A. Rodgers, Harrisburg, for respondent, Dept. of Public Welfare.

David R. Dearden, Wayne, for respondents.

Before SMITH–RIBNER, J., FRIEDMAN, J., and KELLEY, Senior· Judge.

OPINION BY Senior Judge KELLEY.

Before this Court are preliminary objections filed by the Department of Public Welfare and Michael Stauffer, Deputy Secretary of Administration, (collectively, DPW) and Kevin Gallagher, individually and d/b/a Americare Services (Gallagher) to Pennhurst Medical Group, P.C.'s (Pennhurst) amended petition for review in this Court's original jurisdiction.

The facts of this case are as follows. DPW issued a detailed bid specification inviting the submission of bids for Occupational Therapy Services at Mayview State Hospital. The bid specifications provided that the contractor must provide documentation that the contractor is (1) a sole Pennsylvania licensed health care provider; (2) a professional corporation; (3) a partnership or unincorporated association; (4) a Pennsylvania licensed HMO; or (5) a corporation which contracts with physicians/providers as independent subcontractors. The bid stated that the contract would be awarded to the lowest responsible and responsive bidder.

Pennhurst submitted a bid in response to the request in the amount of $315,693. Gallagher submitted a bid for $307,230. On October 3, 2000, DPW awarded the procurement to Gallagher. On October 6, 2000, Pennhurst filed a bid protest with DPW on the basis that Gallagher did not meet the bid specifications for a contractor.

On November 6, 2000, DPW denied Pennhurst's protest. DPW explained that the bid specification solicited bids from contractors to *"provide services* of an Occupational Therapist, registered/licensed (OTR/L) in the field of Occupational Therapy ...", but did not require that the contractor actually be a registered/licensed occupational therapist or provide the occupational services himself.

On November 20, 2000, Pennhurst filed a petition for review in this Court's original jurisdiction alleging that DPW improperly awarded the contract to Gallagher. Pennhurst did not name Gallagher as a party to the action. In response, DPW filed a preliminary objection for failure to name an indispensable party. By order of this Court dated March 20, 2001, DPW's objection was granted and Pennhurst was granted leave to amend its petition.

Pennhurst then filed an amended petition for review adding Gallagher as a respondent. In response thereto, DPW and Gallagher have both filed preliminary objections, which are now before this Court for disposition. The preliminary objections raise the following issues:

1. Whether this action is properly within this Court's original jurisdiction.

2. Whether portions of Pennhurst's petition for review, which contain references to "intentional fraud", should be stricken?

3. Whether portions of Pennhurst's petition for review, which contain ref-

erences to employment agency law, should be stricken?

4. Whether Pennhurst lacks standing to advance a claim that Gallagher is in breach of contract?

5. Whether Pennhurst has failed to state a cause of action on the basis that the contract is illegal because it provides for illegal fee splitting and kickbacks?

6. Whether Pennhurst has failed to state a cause action on the basis that Gallagher lacks capacity to enter into a bid contract with DPW?

7. Whether Pennhurst has failed to state a cause of action upon which relief can be granted because the alleged bid defect is so insignificant that it is not a defect under Pennsylvania law?

■ First, DPW[1] contends that this action belongs in our appellate jurisdiction, not original jurisdiction.[2] We agree.

In support of its position, DPW relies upon this Court's recent decision in *Direnzo Coal Company v. Department of General Services,* 779 A.2d 614 (Pa.Cmwlth. 2001). In *Direnzo,* a disappointed bidder filed a bid protest pursuant to the Commonwealth Procurement Code (Procurement Code)[3] with the Department of General Services, Bureau of Purchases (DGS). DGS denied the bidder's letter of protest without affording the bidder an opportunity to be heard. Thereafter, the disappointed bidder petitioned this Court to review DGS's determination in our appellate jurisdiction.

In addressing whether the petition belonged in this Court's appellate or original jurisdiction, the Court opined that the Procurement Code sets forth a mandatory and exclusive administrative remedy for disappointed bidders. *Direnzo.* Section 1711(a) of the Procurement Code, 62 Pa. C.S. § 1711(a), provides a general right of protest to "[a]n actual or prospective bidder, offeror or contractor who is aggrieved in connection with the solicitation or award of a contract." The aggrieved party may protest to the head of the purchasing agency[4] in writing. Section 1711(a) of the Procurement Code. Section 1711(c) provides that if the protest is not resolved by mutual agreement, the head of the purchasing agency shall promptly, but in no event later than 120 days from the filing of the protest, issue a decision in writing. Section 1711(c) of the Procurement Code. The decision shall state the reasons for the action taken and shall inform the protestant of his right to *"file an action* in Commonwealth Court" as provided in subsection (e). *Id.* (emphasis added).

Subsection (e) provides that a decision "shall be final and conclusive unless a person adversely affected by the decision *files*

---

1. The first preliminary objection is raised by DPW. The remaining objections are raised by Gallagher.

2. Although Pennhurst contends that this objection is waived as it was not raised by DPW in response to the original petition for review, questions of jurisdiction can never be waived, and may be raised at any time by the parties or *sua sponte* by an appellate court. *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974); *Pennsylvania Liquor Control Bd. v. Kohn,* 103 Pa.Cmwlth. 348, 520 A.2d 534 (1987).

3. 62 Pa.C.S. §§ 101–4509.

4. "Purchasing agency" is defined as a "Commonwealth agency authorized by this part or by other law to enter into contracts for itself or as the agent of another Commonwealth agency. When purchasing for another Commonwealth agency, the purchasing agency acts on behalf of the principal which needs the supplies, services and construction and shall coordinate and cooperate with that agency." Section 103 of the Procurement Code, 62 Pa.C.S. § 103.

*an action* ... in Commonwealth Court within 14 days of receipt of the decision." Section 1711(e) of the Procurement Code (emphasis added). No "action may be commenced in Commonwealth Court ... until the protestant has exhausted the administrative remedies provided for in this section." *Id.* Although the term "action" as used within the Procurement Code is not defined, we concluded that the General Assembly employed the phrase more as a term of art and did not intend for Procurement Code matters to be within our original jurisdiction. *Direnzo.*

"By creating an administrative remedy for disappointed bidders, the General Assembly has removed these cases from this Court's original jurisdiction." *Id.* at 617. By directing protestors, aggrieved by a decision, to file an action in Commonwealth Court, the General Assembly has intended to provide for a right to "judicial review" in our appellate jurisdiction. *Id.* However, this Court recognized that the enactment of the Procurement Code did not remove the right of taxpayers to bring an action in equity before this Court to enjoin the award of a contract when the bidding requirements were not followed. *Id.* at 617, n. 4. (citing *On–Point Technology Systems, Inc. v. Department of Revenue,* 753 A.2d 911 (2000) (single judge opinion by Pellegrini, J.) (An aggrieved taxpayer, who lacks standing to file a protest under the Procurement Code, may still file an equity action in this Court's original jurisdiction to protest the award of a contract.)).

After concluding that the matter belonged in our appellate jurisdiction, we determined that we were unable to exer-

cise our appellate review because DGS's protest denial did not constitute a valid "adjudication" as the disappointed bidder was not afforded reasonable notice of a hearing and an opportunity to be heard as required by Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504.[5] *Direnzo.* Thus, we vacated DGS's protest denial and remanded the matter to DGS, as the purchasing agency authorized to resolve protests and the agency with expertise in procurement matters, for purposes of conducting an administrative hearing in accordance with the terms of the Administrative Agency Law. *Id.*

In the case before us, Pennhurst is a disappointed bidder who filed a bid protest under the Procurement Code with DPW. DPW denied Pennhurst's bid protest on November 6, 2000. In accordance with the 14–day statutory period provided for by Section 1711(e) of the Procurement Code, Pennhurst filed a petition for review with this Court on November 20, 2000. In the petition, Pennhurst objected to DPW's protest denial and attached a copy of the denial to the petition. Although Pennhurst's petition for review was filed in our original jurisdiction, based upon our holding in *Direnzo,*[6] we conclude that this matter belongs within our appellate jurisdiction.

While theoretically Pennhurst, as a taxpayer of the jurisdiction funding the contract, does have taxpayer standing to file an equity action in our original jurisdiction, a protestant who is both a disappointed bidder and an aggrieved taxpayer cannot avail himself of both remedies.

---

**5.** Section 504 of the Administrative Agency Law provides that "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."

**6.** We note that Pennhurst's petition for review and the amended petition were filed with this Court prior to our opinion in *Direnzo,* which was filed July 5, 2001.

The General Assembly has intended for disappointed bidders, regardless of whether or not they have taxpayer standing, to avail themselves of the exclusive administrative remedy set forth in the Procurement Code.[7]

 Despite our determination that this matter belongs within our appellate jurisdiction, we are unable to conduct judicial review at this time. The right of judicial review of an administrative decision occurs only when there has been a valid "adjudication" as defined under the Administrative Agency Law. Section 702 of Administrative Agency Law, 2 Pa.C.S. § 702;[8] Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504; *Direnzo.* In this case, as in *Direnzo,* the administrative agency's protest denial does not constitute a valid adjudication as Pennhurst has not been afforded notice and an opportunity to be heard. Thus, a remand is warranted for purposes of conducting an administrative hearing and the issuance of a valid adjudication.

Accordingly, DPW's preliminary objection that this matter does not belong in our original jurisdiction is sustained. This matter shall be treated as being properly filed within our appellate jurisdiction. The decision issued by DPW is vacated and this matter is remanded to DPW for purposes of conducting an administrative hearing in accordance with the terms of the Administrative Agency Law.[9]

***ORDER***

AND NOW, this *18th* day of *April*, 2002, the preliminary objection raised by Department of Public Welfare (DPW) on the basis that this matter does not belong in our original jurisdiction is sustained. The decision of DPW denying Pennhurst Medical Group, P.C.'s protest is vacated and this case is remanded to DPW for an administrative hearing in accordance with the terms of the Administrative Agency Law, which shall be scheduled within thirty (30) days of this order.

Jurisdiction relinquished.

---

7. Although this Court is not presently confronted with a situation where corresponding bid protests are before this Court in both appellate and original jurisdiction, such a foreseeable dilemma may be precluded if the General Assembly amended the Procurement Code to enable taxpayers, in addition to disappointed bidders, to file bid protests with the purchasing agency, thereby removing such matters from our original jurisdiction.

8. Section 702 provides that any person aggrieved by an "adjudication" of a Commonwealth agency shall have the right to appeal therefrom.

9. In light of this determination, we need not rule upon the remaining preliminary objections.