IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Frank Katonka,                                   :
                               Petitioner              :
                                                      :
              v.                                      :
                                                      :
Pennsylvania Board of Probation                       :
and Parole; King and Associates, Inc.,               :   No. 377 M.D. 2019
                               Respondents             :   Submitted: July 22, 2022


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: October 26, 2022


          Before this Court, in our original jurisdiction, is an amended petition
for a writ of mandamus (Petition)[1] filed by Paul Frank Katonka (Katonka) against
the Pennsylvania Board of Probation and Parole (Board)[2] and King and Associates,
Inc. (Counselor). Because we lack subject matter jurisdiction over Katonka's claim,

---

[1] Previous pleadings and motions were withdrawn.

[2] Subsequent to the filing of the Katonka's original petition commencing this action, the
Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See*
Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February
18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.
C.S. §§ 6101, 6111(a).

we transfer this case to the Court of Common Pleas of Westmoreland County (sentencing court).[3]

## I. Background

Katonka avers that he was adjudicated a sexually violent predator in 2013. Petition at 1. As such, beginning with his parole in 2018, he is required to attend mandatory monthly counseling for the remainder of his life under Section 9799.70(a) of the Sexual Offender Registration and Notification Act (SORNA II),[4] 42 Pa.C.S. § 9799.70(a). Petition at 3. Katonka asserts that he has been responsible for paying the counseling costs since 2019 and that he is unable to afford the costs of the mandatory counseling. Petition at 2-3. He seeks relief in mandamus to compel the Board to pay the costs of his mandatory counseling for the rest of his life and to repay the counseling fees he paid prior to filing the Petition. *Id.* at 3-4.

The Board has filed preliminary objections to the Petition, asserting lack of verification, lack of jurisdiction, nonjoinder of a necessary party, failure to include writings, and failure to state a claim upon which relief can be granted.

## II. Discussion

Before considering the preliminary objections, we begin by determining, *sua sponte*, whether we have jurisdiction over this matter. *See, e.g.*, *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 (Pa. Cmwlth. 2002) (explaining that "questions of jurisdiction can never be waived, and

---

[3] The record indicates that Katonka's criminal case was docketed at No. 1110 C 2008 in the sentencing court.

[4] Act of February 21, 2018, P.L. 27, *as amended* by the Act of June 12, 2018, P.L. 140, 42 Pa. C.S. §§ 9799.10-9799.75.

may be raised at any time by the parties or *sua sponte* by [the] court"); *St. Clair v. Pa. Bd. of Prob. & Parole*, 493 A.2d 146, 150 (Pa. Cmwlth. 1985) (observing that "this Court may always raise *sua sponte* the issue of its own subject matter jurisdiction") (citations omitted).

The Petition asserts as its basis Section 9799.70(a) of SORNA II, which provides:

> **(a) Counseling required.**-- For the period of registration required by section 9799.55(b) (relating to registration), a sexually violent predator shall be required to attend at least monthly counseling sessions in a program approved by the [State Sexual Offenders Assessment B]oard and be financially responsible for all fees assessed from the counseling sessions. The [State Sexual Offenders Assessment B]oard shall monitor the compliance of the sexually violent predator. If the sexually violent predator can *prove to the satisfaction of the court* that the person cannot afford to pay for the counseling sessions, that person shall still attend the counseling sessions and the parole office shall pay the requisite fees.

42 Pa.C.S. § 9799.70(a) (emphasis added). The question here, then, is which court has jurisdiction to determine a person's inability to pay for counseling sessions mandated by Section 9799.70(a).

This Court's original jurisdiction is prescribed by Section 761 of the Judicial Code[5] as follows:

> (a) General rule. -- The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

---

[5] 42 Pa.C.S. §§ 101-9909.

(i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;

(ii) eminent domain proceedings;

(iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);

(iv) actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act; and

(v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

(2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.

(3) Arising under Article V of the act of May 17, 1921 (P.L. 789, No. 285), known as "The Insurance Department Act of 1921."

(4) *Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.*

(b) Concurrent and exclusive jurisdiction. -- The jurisdiction of the Commonwealth Court under subsection (a) shall be exclusive except as provided in section 721 (relating to original jurisdiction) and except with respect to actions or proceedings by the Commonwealth government, including any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas.

(c) Ancillary matters. -- The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.

42 Pa.C.S. § 761 (emphasis added).  Here, Katonka's mandamus claim hinges on establishing a duty to pay for counseling arising under 42 Pa.C.S. § 9799.70(a). Therefore, the only potential source of original jurisdiction over this matter is the statutory reference in Section 9799.70(a) of SORNA II to determination by "the court" concerning a person's inability to pay for mandatory counseling. *Id.*; *see also* 42 Pa.C.S. § 761(a)(4).

SORNA II does not define what court is referenced in Section 9799.70(a).  Section 1991 of the Statutory Construction Act of 1972,[6] which provides generally applicable definitions, likewise does not include "court" as a defined term.  1 Pa.C.S. § 1991.  However, the general rule is that original jurisdiction over all actions lies in the courts of common pleas.  Section 931(a) & (b) of the Judicial Code provides:

(a) General rule. -- Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule . . . vested in another court of this Commonwealth, *the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings*, including all actions and proceedings

---

[6] 1 Pa.C.S. §§ 1501-1991.

5

heretofore cognizable by law or usage in the courts of common pleas.

(b) Concurrent and exclusive jurisdiction. -- The *jurisdiction of the courts of common pleas under this section shall be exclusive* except with respect to actions and proceedings concurrent jurisdiction of which is by statute or by general rule adopted pursuant to section 503 vested in another court of this Commonwealth or in the magisterial district judges.

42 Pa.C.S. § 931(a) & (b) (emphasis added); *see also* PA. CONST. art. V, § 5(b) (providing that courts of common pleas "hav[e] unlimited original jurisdiction in all cases except as may otherwise be provided by law"). Nothing in SORNA II's reference to "the court" in Section 9799.70(a) suggests an intent to confer jurisdiction on this Court rather than the courts of common pleas. Accordingly, we conclude that the "court" referenced in Section 9799.70(a) is the sentencing court and that Section 9799.70(a) does not confer original jurisdiction on this Court to determine whether a parolee is unable to pay counseling fees pursuant to Section 9799.70(a).

Because we lack jurisdiction over the subject matter of the Petition, we do not address its merits or those of the preliminary objections. However, rather than dismiss the Petition, we will transfer it to the sentencing court.[7] *See* 42 Pa. C.S. § 5103(a) (providing that where a matter is brought in a court lacking jurisdiction, the court shall not "dismiss the matter, but shall transfer the record thereof to the proper tribunal"); Pa. R.A.P. 751(a) (providing that where a matter is brought in a court that does not have jurisdiction over the matter, the court shall not "dismiss the

---

[7] We note that nine days before Katonka filed his original petition in this Court, the sentencing court issued an order in his original case, finding it lacked jurisdiction over a mandamus motion Katonka had filed. *See* Petition at 19. However, the record in this Court does not include any other filings in the sentencing court. We are, therefore, unable to determine whether the motion Katonka filed in the sentencing court bore any relation to the claim he asserts here.

6

matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the . . . matter shall be treated as if originally filed in [the] transferee court on the date first filed in a court . . .").

### III. Conclusion

Based on the foregoing discussion, we conclude that we lack jurisdiction over this matter. Therefore, we transfer this matter to the sentencing court for disposition.

_____
CHRISTINE FIZZANO CANNON, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Frank Katonka,                :
            Petitioner       :
                        :
        v.               :
                        :
Pennsylvania Board of Probation   :
and Parole; King and Associates, Inc.,  :   No. 377 M.D. 2019
           Respondents    :

# O R D E R

AND NOW, this 26th day of October, 2022, inasmuch as this Court lacks subject matter jurisdiction over this action, this matter is transferred to the Court of Common Pleas of Westmoreland County for disposition.

_____
CHRISTINE FIZZANO CANNON, Judge