Jasper Stubbs, :
            Petitioner :
             : No. 121 C.D. 2022
        v. :
             : Submitted: March 10, 2023
Pennsylvania Parole Board, :
            Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: July 15, 2024

Jasper Stubbs (Petitioner) petitions for review of the December 17, 2021 order of the Pennsylvania Parole Board (Board) (mailed December 29, 2021) that affirmed the decision recommitting him as a convicted parole violator (CPV) to serve the unexpired term of incarceration on his robbery conviction and recalculating his maximum date as June 15, 2026. Petitioner is represented by appointed counsel Tyler C. Shultz, Esquire (Counsel), who has filed an Application to Withdraw as Counsel (Application to Withdraw) and a No-Merit Letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), based on his conclusion that the issues Petitioner

wishes to raise on appeal lack merit. Upon review, we quash this appeal as untimely and dismiss Counsel's Application to Withdraw as moot.[1]

## Background

Petitioner entered a guilty plea in the Allegheny County Court of Common Pleas (trial court) to one count each of robbery and criminal conspiracy at two separate docket numbers. On October 10, 1984, the trial court sentenced him to serve an aggregate term of 7½ to 20 years' imprisonment. The Board granted Petitioner parole in September of 1997 and he was released to an approved home plan residing with his mother on November 12, 1997. (Certified Record (C.R.) at 7, 18.) Petitioner was then arrested for armed robbery and served a federal sentence.

By Notice of Decision entered September 30, 2020, the Board recommitted Petitioner as a CPV based on the new conviction and ordered him to serve his unexpired term of two years, eight months, and four days, with a recomputed maximum parole date of April 30, 2023. (C.R. at 50.) Upon learning of a clerical miscalculation in the sentence, the Board issued a supplemental decision on December 8, 2020 and recommitted Petitioner to serve 5 years, 9 months, and 20 days of backtime and recalculated his maximum date to June 15, 2026. Petitioner filed a *pro se* request for administrative relief challenging the sentence and the Board affirmed its decision on December 17, 2021 (mailed December 29, 2021). (C.R. at 64, 68.)

## Petition for Review

Petitioner filed a *pro se* Petition for Review (Petition) in this Court contesting the Board's authority to recalculate his sentence. (Petition at 14.) Our review of the Petition indicated that it is facially untimely, as the accompanying postage

---

[1] The timeliness of Petitioner's appeal implicates our jurisdiction to hear it. Questions of jurisdiction may be raised *sua sponte* by an appellate court. *Pennhurst Medical Group, P.C. v. Department of Public Welfare*, 796 A.2d 423, 425 n.2 (Pa. Cmwlth. 2002).

stamp is dated February 7, 2022 and our docket indicates that the Petition was filed on that date.[2]  However, Petitioner signed and dated the Petition on January 26, 2022, two days before the filing deadline, and the attached Unsworn Declaration/Proof of Service page bears the same date.[3]

By *per curiam* order dated March 28, 2022, we directed the parties to address whether the Petition is untimely in their principal briefs.  Despite this directive, neither Counsel nor the Board discussed the timeliness issue in their filings, and Petitioner did not address it in his *pro se* brief.

On March 26, 2024, in light of the potential applicability of the prisoner mailbox rule because Petitioner was incarcerated at the time he mailed the *pro se* Petition,[4] we issued a *per curiam* order again directing the parties to address the jurisdictional issue of timeliness in a supplemental brief within 30 days.  The Board filed a brief on April 25, 2024, in which it maintains that this Court is without jurisdiction to consider the merits of this appeal as it was untimely filed.  The Board further notes that Petitioner has submitted no evidence concerning the date he deposited the Petition in the mail such that it could be deemed timely under the prisoner mailbox rule.  (Board's Suppl. Br., at 7.)  To date, Petitioner has filed no brief or other documentation addressing the timeliness issue and potential quashal of this appeal.

---

[2] An appeal must be filed within 30 days of the mailing date of the Pennsylvania Parole Board's order, making the deadline in the instant case January 28, 2022. *See* 37 Pa. Code § 73.1(a)(1); Pa.R.A.P. 1512(a)(1).

[3] We note that Counsel was appointed to represent Petitioner on February 17, 2022 and he filed the Application to Withdraw and No-Merit Letter on June 10, 2022.

[4] Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014).

## Jurisdiction

Preliminarily, we must address the jurisdictional issue of timeliness. *Pennhurst Medical Group, P.C.*, 796 A.2d at 425 n.2. As noted, an appeal must be filed within 30 days of the mailing date of the Board's order, making the deadline in the instant case January 28, 2022. *See* 37 Pa. Code § 73.1(a)(1); Pa.R.A.P. 1512(a)(1). An appellate court may not enlarge the time for filing a petition for review. Pa.R.A.P. 105(b); *see also H.D. v. Pennsylvania Department of Public Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) (time for taking appeal cannot be extended as matter of grace).

Instantly, the Petition was self-dated January 26, 2022, two days before the filing deadline, but it was postmarked February 7, 2022 and filed with this Court on that same date. There is no evidence in the record as to when Petitioner submitted the Petition to prison authorities for mailing nor has he provided this Court with any such information despite our grant of ample opportunity to do so. Therefore, because the Petition is facially untimely and we have no evidence or argument to the contrary, we quash this appeal for lack of jurisdiction and dismiss Counsel's Application to Withdraw as moot.

_____
PATRICIA A. McCULLOUGH, Judge

4

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jasper Stubbs,                :
        Petitioner        :
                      :  No.  121 C.D. 2022
      v.                :
                      :
Pennsylvania Parole Board,   :
        Respondent     :

## ***ORDER***

AND NOW, this 15th day of July, 2024, the petition for review is QUASHED as untimely and the Application to Withdraw as Counsel filed by Tyler C. Shultz, Esq., is DISMISSED AS MOOT.

_____
PATRICIA A. McCULLOUGH, Judge