IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Prater, : 
            Petitioner : 
             : 
      v. : No. 676 M.D. 2019
             : 
John E. Wetzel, et al., : 
            Respondents : Submitted: August 9, 2024

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                        FILED: September 16, 2024

Petitioner Wayne Prater (Prater), an inmate currently incarcerated within our Commonwealth's prison system, has filed a *pro se* "Supplemental/Supplementation of Petition for Review" (Supplemental Petition) against John E. Wetzel, as well as a multitude of other Department of Corrections (Department) employees: Barry Smith; Dorina Varner; Keri Moore; Rebecca Reifer; Brooke Kelly; Timothy Little; Deputy Dave Close; Deputy Bobbie Jo Salamon; Major Joel Barrows; Captain R. Mooney; Grievance Officer Susan Hnatkovich; Unit Manager Vincent Defelice; Unit Manager Craig Petulla; Unit Manager Christopher Miller; Kitchen Supervisor Charles Pittsinger; Sergeant Neyman; and Sgt. R. Jones (collectively Respondents). In his lawsuit, Prater argues that "DC-ADM HOU2 VRI/VRS" (HOU2 VRI), a violence reduction policy initiative implemented at the State Correctional Institution-Houtzdale (SCI-Houtzdale), violates both Pennsylvania law and the Department's own administrative regulations and policies. Pet. for Rev., ¶¶33-34, 38-45(a), 54(a), 54(c)-(f), 69-70. Additionally, Prater claims that prison authorities

at SCI-Houtzdale improperly invoked HOU2 VRI to punish him through a cell block-wide lockdown, which was imposed due to a violent incident that involved other inmates and in which he played no part. *Id.*, ¶¶32-33, 47-47(c), 54(c)-(g), 71-75(c). In response, Respondents have filed preliminary objections, through which they seek dismissal of Prater's action. Prater has also submitted an "Application/Petition for Leave to Amend and Request for Special Relief Injunction" (Petition to Amend), wherein he requests permission to file an amended Petition for Review and requests what seems to be different sorts of preliminary and permanent injunctive relief. Pet. to Amend at 1-3.[1] Upon review, we *sua sponte* conclude we lack jurisdiction to consider Prater's Supplemental Petition and consequently transfer this matter to the Court of Common Pleas of Clearfield County (Common Pleas) for disposition.[2]

## I. Background

The facts, as alleged by Prater in his Petition for Review and Supplemental Petition, are as follows. On May 11, 2019, a fight occurred between an unspecified number of inmates in SCI-Houtzdale's "DA-Unit" cell block. Pet. for Rev., ¶29. In response, SCI-Houtzdale's staff invoked HOU2 VRI and locked down DA-Unit between May 11, 2019, and May 14, 2019. *Id.*, ¶30. Thereafter, Prater filed two

---

[1] Specifically, Prater appears to seek a preliminary injunction barring Respondents from using HOU2 VRI as a procedural mechanism for lock downs at SCI-Houtzdale, as well as a permanent injunction directing Respondents to replace certain items of his personal property that he alleges have either gone missing or have been stolen. Pet. to Amend at 2-3.

[2] We take judicial notice of the fact that SCI-Houtzdale is located in Clearfield County. *See* COM. OF PA., SCI Houtzdale, https://www.pa.gov/en/agencies/cor/state-prisons/sci-houtzdale.html (last accessed September 13, 2024); Pa. R.E. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

inmate grievances, respectively on May 21, 2019, and August 29, 2019, through which he argued that SCI-Houtzdale was not authorized by law to adopt HOU2 VRI as a policy, as well as that the facility's staff had arbitrarily imposed this policy during the lockdown, such that it had unlawfully imposed sanctions upon Prater in a manner that "amount[ed] to constructive contempt of court[.]" *Id.*, ¶¶31-34 (cleaned up). Prater's grievances were denied, as were his subsequent appeals through the Department's internal grievance review process. *See id.*, ¶¶35-37.

Having thereby failed to obtain the relief he desired, Prater then elected to file suit in our Court on December 13, 2019. In his Petition for Review, Prater argues that HOU2 VRI is unlawful and that Respondents implemented HOU2 VRI in an arbitrary and capricious manner that violated his procedural due process rights. *Id.*, ¶¶69-75(c); *see id.*, ¶¶23-34, 38-45(a), 47-47(c), 54(a), 54(c)-(g). Accordingly, Prater seeks a declaratory judgment to that effect, as well as the reversal of the denials of his grievances. *Id.*, ¶76-76(d)(1), (g)-(g)(1). In addition, Prater requests a permanent injunction that would stop HOU2 VRI from being used at SCI-Houtzdale to lock down prison units in response to misconduct perpetrated by a small number of inmates and would also remove Moore, Smith, and Varner from their positions at the prison. *Id.*, ¶76(e)-(g)(1), (h)(7)-(h)(8). Finally, Prater demands in excess of $1,500,000 in compensatory and punitive damages on account of Respondents' allegedly unlawful adoption/implementation of HOU2 VRI and imposition of the aforementioned lockdown. *Id.*, ¶76(h)-(h)(6).[3]

_____

[3] Prater seeks $250,000 in compensatory damages and $700,000 in punitive damages from Smith; $300,000 in punitive damages from Moore; and $300,000 in punitive damages from Varner. Pet. for Rev., ¶76(h)(1)-(5). In addition, he requests "[p]unitive damages against all Respondent's [sic] [] Both Deputy Superintendent's [sic], Both Majors, All Captains on duty, All Lieutenant's [sic] on duty, All Sergeant's [sic] on duty, Unit Manager's[sic] on duty, All C/O's [sic] Correctional Officers on unit, Grievance officer's0 [sic] in the amount of $40,000.00 dollars **(Footnote continued on next page…)**

3

Prater then filed his Supplemental Petition on December 15, 2020. In this Supplemental Petition, Prater specified that he wished to add additional exhibits and respondents to his action, as well as to correct certain names he had used in his original Petition for Review. Suppl. Pet., ¶¶1-5. In doing so, Prater did not seek to have the Supplemental Petition replace his Petition for Review; rather, he explained that he merely wanted the Supplemental Petition "with the . . . facts [stated therein] and submitted Exhibt's [sic] . . . to be added to the record for This Honorable Courts [sic] review." *Id.*, Wherefore Clause. Respondents then submitted their preliminary objections to the Supplemental Petition, after which Prater filed his Petition to Amend.

## II. Discussion

Under normal circumstances, we would now move on to considering the merits of Respondents' preliminary objections. However, we cannot do so in this instance, because we *sua sponte* conclude that we do not have appellate, original, or ancillary jurisdiction to consider this matter.[4] It is well settled that we lack appellate jurisdiction to review the Department's disposition of inmate grievances. *Winton v. Pa. Dep't of Corr.*, 263 A.3d 1240, 1243 (Pa. Cmwlth. 2021); *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 359 (Pa. 1998). Therefore, to the extent that Prater requests that we reverse the aforementioned denials of his grievances and subsequent internal appeals, his claims falls outside the scope of our appellate jurisdiction. It is

---

[sic] each for following the orders of . . . Smith that violated [his] procedural due process rights under 37 Pa. Code § 93.10 statute." *Id.*, ¶76-76(h)(6).

[4] We note that Respondents have not challenged our jurisdiction over this matter. Nevertheless, this does not impede our authority to address the Supplemental Petition's jurisdictional defects. "[Q]uestions of jurisdiction can never be waived, and may be raised at any time by the parties or *sua sponte* by [the] court." *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 (Pa. Cmwlth. 2002).

also clear that we cannot assert original or ancillary jurisdiction over his Supplemental Petition. Section 761(a) of the Judicial Code states, in relevant part:

> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
> >
> > . . . .
> >
> > > (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. § 761(a)(1)(v). "An action in trespass . . . lie[s] 'for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant.'" *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (quoting Black's Law Dictionary 1674 (4th rev. ed. 1968)). To that end, "all actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability fall outside the scope of the Commonwealth Court's original jurisdiction and are properly commenced in the courts of common pleas." *Stackhouse v. Com.*, 832 A.2d 1004, 1008 (Pa. 2003). However, suits against the Commonwealth government or its officials that seek purely declaratory relief or an injunction restraining government action are not in the nature of trespass and, thus, may fit within the scope of our original jurisdiction. *Fawber v. Cohen*, 532 A.2d 429, 433 (Pa. 1987). Furthermore, Section 761(c) of the Judicial Code provides that, "[t]o the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or

5

other matter otherwise within its exclusive original jurisdiction." 42 Pa. C.S. § 761(c). In sum, actions in the nature of trespass are expressly excluded from our original jurisdiction and therefore stand outside our ancillary jurisdiction as well. *Id.*, § 761(a)(1)(v), (c).

Here, Prater requests declaratory and injunctive relief targeted at Respondents, due to his belief that HOU2 VRI is an unlawful policy and that the restrictions imposed upon him as a result of the aforementioned cell block lockdown were illegal. Pet. for Rev., ¶¶69-76(g)(1), 76(g)(7)-(8). Nevertheless, it remains that he also desires monetary damages as a remedy for the same putative violations of the law. *Id.*, ¶76(h)-(h)(6). We conclude, then, that Prater's Supplemental Petition also sounds in trespass.

> In these circumstances, we do not believe the inclusion of a count for declaratory or injunctive relief premised upon the same events can properly be understood to transform [Prater's Supplemental Petition] from one sounding in trespass into the type of matter contemplated by *Fawber*, or by the Legislature, as belonging within [our] original jurisdiction.

*Stackhouse*, 832 A.2d at 1008.

> [A]lthough one might argue that what [Prater] really wants is [declaratory and injunctive relief] rather than money damages, he is the one who included a request for money damages in his [Supplemental Petition]. It is not our function to ignore a portion of his request for relief so that original jurisdiction can be vested in this Court, a court of limited original jurisdiction, rather than in the common pleas court, a court of broad original jurisdiction.

*Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004). As such, we have no authority to consider Prater's action as an original jurisdiction matter or pursuant to our powers of ancillary jurisdiction.

6

### III. Conclusion

In line with the foregoing analysis, we conclude we lack jurisdiction to consider Prater's Supplemental Petition. Rather than dismiss his action outright, however, we will transfer it to Common Pleas, which shall treat his Supplemental Petition as a complaint filed in its original jurisdiction. *Stedman v. Lancaster Cnty. Bd. of Comm'rs*, 221 A.3d 747, 760-61 (Pa. Cmwlth. 2019); 42 Pa. C.S. § 5103(a); Pa. R.A.P. 751; *see* PA. CONST. art. V, § 5(b) (our courts of common pleas "hav[e] unlimited original jurisdiction in all cases except as may otherwise be provided by law"). Subsequent to transfer, the assigned Common Pleas judge shall rule upon Respondents' preliminary objections, as well Prater's Petition to Amend.

 

 

_____
ELLEN CEISLER, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wayne Prater, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 676 M.D. 2019 |
| | : | |
| John E. Wetzel, et al., | : | |
| Respondents | : | |

## **O R D E R**

AND NOW, this 16th day of September, 2024, it is hereby ORDERED that Petitioner Wayne Prater's (Prater) "Supplemental/Supplementation of Petition for Review" is TRANSFERRED to the Court of Common Pleas of Clearfield County (Common Pleas), due to lack of jurisdiction.

The Commonwealth Court's Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' Prothonotary, together with a copy of this opinion and order, as well as a copy of this matter's docket entries. Subsequent to transfer, the assigned Common Pleas judge shall rule upon Respondents John E. Wetzel; Barry Smith; Dorina Varner; Keri Moore; Rebecca Reifer; Brooke Kelly; Timothy Little; Deputy Dave Close; Deputy Bobbie Jo Salamon; Major Joel Barrows; Captain R. Mooney; Grievance Officer Susan Hnatkovich; Unit Manager Vincent Defelice; Unit Manager Craig Petulla; Unit Manager Christopher Miller; Kitchen Supervisor Charles Pittsinger; Sergeant Neyman; and Sergeant R. Jones' collective preliminary objections, as well as Prater's "Application/Petition for Leave to Amend and Request for Special Relief Injunction."

<br>

_____
ELLEN CEISLER, Judge