# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sterlin Reaves,                                           :
                  Petitioner                  :
                                   :   No.  275 M.D. 2023
              v.                             :
                                   :   Submitted:  July 5, 2024
Dorina Varner, et al.,                                    :
                  Respondents                 :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE LORI A. DUMAS, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                             **FILED:  February 20, 2025**


Sterlin Reaves (Petitioner) is a state inmate currently incarcerated at the State Correctional Institution at Camp Hill (SCI-Camp Hill).  Proceeding *pro se*, he has filed a petition for review in this Court's original jurisdiction, alleging that Dorina Varner and Jennifer Russell (collectively, Respondents) have unlawfully deducted funds from his inmate account.  He seeks injunctive relief, as well as damages and fees.  In response, Respondents have filed preliminary objections in the nature of a demurrer.  Upon review, we *sua sponte* conclude that we lack jurisdiction over Petitioner's claim and consequently transfer this matter to the Court of Common Pleas of Cumberland County (Common Pleas) for disposition.[1]

---

[1] We take judicial notice of the fact that SCI-Camp Hill is located in Cumberland County.  *See* COM. OF PA., SCI Camp Hill, 1 https://www.pa.gov/agencies/cor/state-prisons/sci-camp-hill.htm (last accessed February 19, 2025); Pa. R.E. 201(b) ("The court may judicially notice a fact that is

# I. BACKGROUND[2]

In 2000, Petitioner was found guilty of an inmate misconduct. Consequently, he was required to pay an assessment for medical bills related to the incident pursuant to Department of Corrections (DOC) Policy DC-ADM 801. Since 2017, DOC staff has directed 30% of funds deposited into Petitioner's inmate account towards paying this assessment, with the exception of refunds for certain kinds of purchases. On November 4, 2021, Petitioner transferred $4,000 of previously assessed funds from his inmate account to First National Bank (FNB), in order to open a savings account and purchase a certificate of deposit. Thereafter, in January 2022, Petitioner was transferred to SCI-Camp Hill. Petitioner subsequently withdrew funds from his FNB account on three occasions, between August 2022 and February 2023, and transferred those funds to his inmate account at SCI-Camp Hill. Each time, Russell deducted 30% of the incoming funds and applied the deductions to Petitioner's assessment. Petitioner filed inmate grievances regarding each of these deductions, all of which were denied by Respondents.

Petitioner then commenced this litigation. According to Petitioner, Respondents have violated his substantive due process rights on an as-applied basis by levying assessments against his incoming funds twice, *i.e.*, when those funds were originally deposited in his inmate account and again upon the funds' return from his FNB account. Accordingly, Petitioner requests that we both enjoin Respondents from deducting assessments from money he withdraws from his FNB account and order them to expressly except "verified income from a savings account" from

---

not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[2] We have derived this section's substance from the facts averred by Petitioner in his petition for review (PFR). *See generally* PFR, 6/12/23.

assessment eligibility. In addition, he seeks compensatory and punitive damages, as well as legal fees. Respondents have responded by filing preliminary objections, through which they demur to Petitioner's claim.

## II. DISCUSSION

Under normal circumstances, we would consider the merits of Respondents' preliminary objections. However, we cannot do so in this instance because we lack original or ancillary jurisdiction to consider this matter.[3]

Per Section 761(a) of the Judicial Code, our Court has original jurisdiction over all civil matters against the Commonwealth government and its officers, except for those which sound in trespass or related assumpsit actions. 42 Pa.C.S. § 761(a)(1)-(1)(v).[4] "An action in trespass . . . lie[s] 'for redress in the shape of money damages for any unlawful injury done to the [petitioner], in respect either to his person, property, or rights, by the immediate force and violence of the

---

[3] We note that Respondents have not challenged our jurisdiction over this matter. Nevertheless, this does not impede our authority to address the jurisdictional defects present here, as "questions of jurisdiction can never be waived, and may be raised at any time by the parties or *sua sponte* by [the] court." *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare*, 796 A.2d 423, 425 (Pa. Cmwlth. 2002).

[4] Section 761(a) of the Judicial Code states, in relevant part:

> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
> >
> > . . . .
> >
> > > (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa. C.S. § 761(a)(1), (1)(v).

3

[respondent].'" *Balshy v. Rank*, 490 A.2d 415, 420 (Pa. 1985) (quoting Black's Law Dictionary 1674 (4th rev. ed. 1968)). To that end, "all actions against the Commonwealth or its officers acting in their official capacity for money damages based upon tort liability fall outside the scope of the Commonwealth Court's original jurisdiction and are properly commenced in the courts of common pleas." *Stackhouse v. Com.*, 832 A.2d 1004, 1008 (Pa. 2003).

However, suits against the Commonwealth government or its officials that seek purely declaratory relief or an injunction restraining government action are not in the nature of trespass and, thus, may fit within the scope of our original jurisdiction. *Fawber v. Cohen*, 532 A.2d 429, 433 (Pa. 1987). Furthermore, Section 761(c) of the Judicial Code provides that, "[t]o the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa. C.S. § 761(c). In sum, actions in the nature of trespass are expressly excluded from our original jurisdiction and therefore stand outside our ancillary jurisdiction as well, unless such an action relates to another articulated claim that does fall within the scope of our original jurisdiction. *Id.*, § 761(a)(1)(v), (c).

Here, Petitioner requests injunctive relief against Respondents, alleging a violation of his substantive due process rights. Nevertheless, it remains that he also desires monetary damages as a remedy for the same putative violations of the law. PFR, ¶31(A)-(C). Given this, "we do not believe the inclusion of a [request] for . . . injunctive relief premised upon the same events can properly be understood to transform [his PFR] from one sounding in trespass into the type of matter contemplated by *Fawber*, or by the Legislature, as belonging within [our] original

4

jurisdiction." *Stackhouse*, 832 A.2d at 1008. Although Petitioner may be more interested in obtaining injunctive relief, it nevertheless remains that "he is the one who included a request for money damages in his [PFR]. It is not our function to ignore a portion of his request for relief so that original jurisdiction can be vested in this Court, a court of limited original jurisdiction, rather than in the common pleas court, a court of broad original jurisdiction." *Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004). As such, we have no authority to adjudicate Petitioner's action as an original jurisdiction matter or pursuant to our powers of ancillary jurisdiction.[5]

### III. CONCLUSION

In line with the foregoing analysis, we conclude that we lack jurisdiction to consider the merits of Petitioner's claim against Respondents. Rather than dismiss his action outright, however, we will transfer it to Common Pleas, which shall treat his petition as a complaint filed in its original jurisdiction. *Stedman v. Lancaster Cnty. Bd. of Comm'rs*, 221 A.3d 747, 760-61 (Pa. Cmwlth. 2019); 42 Pa.C.S. § 5103(a); Pa. R.A.P. 751; *see* PA. CONST. art. V, § 5(b) (our courts of common pleas "hav[e] unlimited original jurisdiction in all cases except as may otherwise be provided by law"). Subsequent to transfer, the assigned Common Pleas judge shall rule upon Respondents' preliminary objections.

_____
**LORI A. DUMAS, Judge**

---

[5] Furthermore, we lack appellate jurisdiction over the PFR, insofar as Petitioner's claims could conceivably be construed as a direct challenge to Respondents' denials of his inmate grievances. *See Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 359 (Pa. 1998).

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sterlin Reaves,               :
        Petitioner     :
                     :   No. 275 M.D. 2023
        v.            :
                     :
Dorina Varner, et al.,     :
        Respondents   :

## O R D E R

AND NOW, this 20th day of February, 2025, it is hereby ORDERED that Petitioner Sterlin Reaves' Petition for Review is TRANSFERRED to the Court of Common Pleas of Cumberland County (Common Pleas), due to lack of jurisdiction.

The Commonwealth Court's Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' Prothonotary, together with a copy of this opinion and order, as well as a copy of this matter's docket entries. Subsequent to transfer, the assigned Common Pleas judge shall rule upon the preliminary objections filed by Respondents Dorina Varner and Jennifer Russell within 45 days of the transmission of the documents listed above.

_____
**LORI A. DUMAS, Judge**